**BUFFALO FORGE COMPANY,**
Plaintiff-Appellant,

v.

**AMPCO–PITTSBURGH CORPORATION,**
Ampco-Pittsburgh Securities II Corporation and the Louis Berkman Company,
Defendants-Appellees.

**No. 902, Docket 81–7075.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 29, 1981.

Decided Feb. 2, 1981.

David H. Marks, Michael J. Murphy, New York City (McGrath, Meyer, Lieberman & Lipp, Buffalo, N. Y., Lord, Day & Lord, Skadden, Arps, Slate, Meagher & Flom, New York City, of counsel), for plaintiff-appellant.

Jay Topkis, New York City (Paul, Weiss, Rifkind, Wharton & Garrison, New York City, of counsel), for defendants-appellees.

Before VAN GRAAFEILAND and KEARSE, Circuit Judges, and BRAMWELL, District Judge.*

VAN GRAAFEILAND, Circuit Judge:

This is an appeal from an order of Chief Judge Curtin of the United States District Court for the Western District of New York denying plaintiff's motion for a preliminary

---

* Honorable Henry Bramwell, of the United States District Court for the Eastern District of

New York, sitting by designation.

injunction that would have prevented the defendants from proceeding with a tender offer for all of plaintiff's outstanding stock. Plaintiff, a Buffalo, New York company, manufactures air handling equipment, such as fans and exhausts, and certain types of pumps. Ampco-Pittsburgh Corp., a Pennsylvania company, manufactures a variety of steel products, including a limited variety of pumps. Ampco-Pittsburgh Securities II Corp. is a subsidiary of Ampco-Pittsburgh Corp., created for the purpose of facilitating the tender offer. The Louis Berkman Co., an Ohio concern, owns approximately thirty-five percent of Ampco-Pittsburgh Corporation's outstanding stock. For reasons that follow, we affirm.

Despite this Court's continuing admonishments that interim injunctive relief is an "extraordinary and drastic remedy which should not be routinely granted", *Medical Society of New York v. Toia*, 560 F.2d 535, 538 (2d Cir. 1977), appeals from denials of interim injunctive relief are common in cases involving corporate control tender offers. There were three such appeals on this Court's calendar during the week that the instant case was argued.

In appeals of this nature, appellants invariably emphasize the "serious questions going to the merits" test which this Court has followed, with some variance in interpretations, since *Hamilton Watch Co. v. Benrus Watch Co.*, 206 F.2d 738, 740 (2d Cir. 1953). However, "serious questions going to the merits", standing alone, do not justify injunctive relief. There must also be a showing of irreparable harm, the absence of an adequate remedy at law, which is the sine qua non for the grant of such equitable relief. *Triebwasser & Katz v. American Telephone & Telegraph Co.*, 535 F.2d 1356, 1359 (2d Cir. 1976); *Jack Kahn Music Co. v. Baldwin Piano & Organ Co.*, 604 F.2d 755, 758–59 (2d Cir. 1979). Moreover, the movant must show that the harm which he would suffer from the denial of his motion is "decidedly" greater than the harm his opponent would suffer if the motion was granted. Unless the balance of hardships tips decidedly in favor of the movant, the court need not decide whether there are serious questions presenting a fair ground for litigation. *Buffalo Courier-Express, Inc. v. Buffalo Evening News, Inc.*, 601 F.2d 48, 58 (2d Cir. 1979).

The record in the instant case is barren of proof that plaintiff will suffer irreparable harm from the denial of its motion. The district court nonetheless considered each of the charges of wrongdoing levied against the defendants. It found that plaintiff had raised no "serious question of law" as to whether The Louis Berkman Company was a bank holding company and thus precluded from ownership of voting shares in a company that was not a bank or a bank holding company. *See* 12 U.S.C. § 1843(a)(2). It found that The Louis Berkman Company was not financing any part of the Buffalo Forge acquisition and would play no part in Buffalo Forge's management. Because The Louis Berkman Company's role was simply that of an Ampco shareholder, the district court concluded that disclosure of its financial affairs was not required under the Securities Exchange Act, 15 U.S.C. § 78n(d) and (e). Finally, the district court found plaintiff's arguments concerning section 7 violations of the Clayton Act, 15 U.S.C. § 18, to be speculative, theoretical, and weak, with inadequate definition of market, market shares, concentration, customers, and impact.

The district court did not determine these issues on the merits. *Diversified Mortgage Investors v. U.S. Life Title Insurance Co.*, 544 F.2d 571, 576 (2d Cir. 1976). It merely held that Buffalo Forge had not come forward with sufficient preliminary proof to warrant the issuance of a temporary injunction. We find no abuse of the district court's discretion.

The order is affirmed.