**MAJORICA, S.A., Plaintiff-Appellee,**

v.

**R.H. MACY & CO., INC.,
Defendant-Appellant.**

**Cal. No. 1031, Docket 85–7030.**

United States Court of Appeals,
Second Circuit.

Argued April 12, 1985.

Decided May 2, 1985.

Herbert Blecker, New York City (Robin Blecker & Daley and Howard B. Barnaby, New York City, of counsel), for defendant-appellant.

Peter T. Cobrin, New York City (Stempler, Cobrin & Godsberg, and William A. Drucker, New York City, of counsel), for plaintiff-appellee.

Before VAN GRAAFEILAND, CARDAMONE, Circuit Judges, and POLLACK, District Judge.*

PER CURIAM.

R.H. Macy & Co., Inc. appeals from an order of the United States District Court

---

* United States District Judge for the Southern District of New York, sitting by designation.

for the Southern District of New York (Ward, J.), entered on December 12, 1984, granting a motion by Majorica, S.A. for a preliminary injunction in Majorica's action for trademark infringement and unfair competition. Because the district court applied incorrect legal standards in determining the crucial issue of irreparable harm, *see Buffalo Forge Co. v. Ampco-Pittsburgh Corp.*, 638 F.2d 568, 569 (2d Cir. 1981), we are compelled to reverse.

The conflict between the parties involves the alleged unlawful use of the word "Majorca" as part of the trade name under which Macy sells simulated pearls manufactured on the Island of Majorca. Majorica, which sells pearls bearing the registered trade name "Majorica", asserts that Macy is infringing and diluting its trademark and is guilty of unfair competition, all of which Macy denies. It is undisputed that Majorica was aware of the conduct complained of for several years prior to its motion for a preliminary injunction. Moreover, although Majorica commenced this action on April 10, 1984, it did not seek preliminary injunctive relief until November 9, 1984.

Instead of considering Majorica's extensive delay for the undercutting effect it had on Majorica's claim of irreparable harm, the district court treated Macy's argument of undue delay as a "laches" defense. The court then rejected that defense because, it said, Macy failed to demonstrate prejudice resulting from the delay. If there was any doubt as to the impropriety of that holding at the time it was made, *but see Exxon Corp. v. Xoil Energy Resources, Inc.*, 552 F.Supp. 1008, 1012 (S.D. N.Y.1981); *Le Sportsac, Inc. v. Dockside Research, Inc.*, 478 F.Supp. 602, 609 (S.D. N.Y.1979), that doubt was removed by this Court's subsequent decision in *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 275–76 (2d Cir.1985). There, we said:

> Although a particular period of delay may not rise to the level of laches and thereby bar a permanent injunction, it may still indicate an absence of the kind of irreparable harm required to support a preliminary injunction.

Lack of diligence, standing alone, is insufficient to support a claim of laches; the party asserting the claim also must establish that it was prejudiced by the delay. *Costello v. United States*, 365 U.S. 265, 282, 81 S.Ct. 534, 543, 5 L.Ed.2d 551 (1961). Lack of diligence, standing alone, may, however, preclude the granting of preliminary injunctive relief, because it goes primarily to the issue of irreparable harm rather than occasioned prejudice. "Significant delay in applying for injunctive relief in a trademark case tends to neutralize any presumption that infringement alone will cause irreparable harm pending trial, and such delay alone may justify denial of a preliminary injunction for trademark infringement." *Citibank, N.A. v. Citytrust, supra*, at 276.

The failure of the district court to apply the foregoing principles requires reversal. Such disposition does not, of course, bear upon the merits of Majorica's claim for permanent relief. It appears to us, however, that both parties would benefit from a prompt decision on the merits.

Reversed.