RAILROAD P.B.A. OF the STATE OF NEW YORK, INC., Alan Kenwood, as President and Robert Novy, as Secretary, Plaintiff,

v.

METRO–NORTH COMMUTER RAILROAD, City of White Plains, State of New York, County of Westchester, Patrick Gleason, Chief of Police City of White Plains, Hon. Alfred Del Vecchio, Mayor of City of White Plains, Defendants.

No. 87 Civ. 8923 (JFK).

United States District Court, S.D. New York.

Oct. 25, 1988.

Sam Polur, Bronx, N.Y., for plaintiff.

Walter E. Zulig, Mary Ann Mills, New York City, for defendant Metro–North Commuter R.R.

Richard S. Oelsner, Wilson, Elser, Moskowitz, Edelman & Dicker, New York City, for defendant City of White Plains.

## OPINION AND ORDER

KEENAN, District Judge:

Before the Court is plaintiff's motion seeking a preliminary injunction pursuant to Fed.R.Civ.P. 65 "enjoining and restraining defendants and members of the Police Force of the City of White Plains, New York from subverting the Collective Bargaining Agreement between plaintiffs and defendant Metro–North Commuter Railroad by, effectively, tortiously subsuming the role of duly constituted Police Officers at … the White Plains … Railroad Station." For the reasons stated below, the Court denies plaintiff's application.

## FACTS

Plaintiff Railroad Policemen's Benevolent Association of the State of New York ("P.B.A.") is the collective bargaining representative of all police officers below the rank of captain employed by defendant Metro–North Commuter Railroad ("Metro–North"). The P.B.A. is the successor in interest to a collective bargaining agreement executed by Metro–North and the United Federation of Police, plaintiff's predecessor in interest. The Metro–North Police Department employs 131 sworn officers and 2 civilian employers. These officers patrol more than 120 stations and yard facilities and respond to any emergencies which might arise on the Metro–North line.

In the fall of 1987, the City of White Plains (the "City") opened a new parking facility adjacent to the White Plains Metro–North station. The parking facility is accessible via interior ramps and elevators located in the White Plains station. In November, 1987 Metro–North authorized City Police to "lock up" an interior walkway connecting the train platform and the parking facility after the arrival of the last train at approximately 2:30 a.m. Without this late "lock up" authorization the walkway would be closed at 9:00 p.m. by Metro–North, causing late arriving White Plains commuters to walk several blocks and cross a five lane street to the parking facility.

On January 6, 1988 plaintiff commenced the instant action against Metro–North, the City, and several City officials, alleging that the defendants breached the above-mentioned collective bargaining agreement by violating the "[c]ontract right of exclusive Police control over the White Plains station." Plaintiff maintains that the Metro–North Police are accorded this right in paragraph (a) of the collective bargaining agreement, which provides:

> that all functions and duties normally and historically performed by officers covered by this Agreement shall at all times continue to be performed by officers covered by this Agreement at all existing or new locations. Also all protective services to Metro–North equipment, property or to employees of Metro–North will be performed by the officers covered by this Agreement.

Plaintiff asserts that since the new "lock up" procedure was instituted, City police have patrolled the White Plains station and effected arrests aboard Metro–North trains, usurping the "historic" rights of Metro–North police officers. *See* Complaint, ¶ 9. Plaintiff maintains that defendants' actions run afoul of the Railway Labor Act's mandate that "[c]arriers ... shall give at least thirty days' written notice of an intended change in agreements affecting ... rules, or working conditions...." 45 U.S.C. § 156 (1982). Further, plaintiff contends that these actions violate provisions of the Railroad Law of the State of New York regarding the appointment, licensing, and identification of railroad police. *See* Railroad Law, § 88.

Defendants do not quarrel with plaintiff's assertion that City police are presently patrolling the White Plains station and closing the walkway at 2:30 a.m. They dispute, however, plaintiff's depiction of history, arguing that the two police forces have traditionally co-existed at the White Plains station. Defendant Metro–North also maintains that this Court is an improper forum for this dispute as plaintiff has failed to refer its grievance to the National Railroad Adjustment Board in accordance with 45 U.S.C. § 153 (1982).

## DISCUSSION

■ A provisional remedy such as a preliminary injunction is appropriate only in extraordinary circumstances. *See Medical Society of New York v. Toia*, 560 F.2d 535, 538 (2d Cir.1977). A preliminary injunction will only issue if plaintiff demonstrates "possible irreparable injury and either (1) probable success on the merits or (2) sufficiently serious questions going to the merits to make them fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting preliminary relief." *Mattel, Inc. v. Azrak–Hamway*, 724 F.2d 357, 359 (2d Cir.1983); *MAI v. Edelman*, 584 F.Supp. 1021, 1025 (S.D.N.Y. 1984). The P.B.A. has not met this test.

## A. *Irreparable Harm*

As a threshold matter, the P.B.A. does not establish that it will be irreparably harmed if an injunction does not issue. The purpose of a preliminary injunction is to either relieve the plaintiff of severe and irreparable injury or to preserve the *status quo* so that a meaningful decision may be later rendered. *See Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir.1985). To demonstrate that irreparable harm will result if a preliminary injunction is not granted, the threatened injury must be actual and imminent. *See Consolidated Brands, Inc. v. Mondi*, 638 F.Supp. 152, 155 (E.D.N.Y.1986). Moreover, monetary damages must be incapable of redressing any injury caused by the alleged wrongdoing. *See Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir.1979).

Plaintiff's conclusory allegation that it will be irreparably harmed if the Court does not issue an injunction is unconvincing. While the P.B.A. seeks equitable relief as well as money damages, it is apparent to the Court that plaintiff believes that money damages will compensate its members for whatever losses they incur while City police patrol the White Plains station. (Cf. Complaint, prayer for relief.) An award of monetary damages coupled with a permanent injunction enjoining the City and Metro–North from permitting City police to patrol the White Plains station will afford sufficient redress if the P.B.A. prevails on the merits.

Moreover, plaintiff's delay in commencing this lawsuit suggests its own doubts as to the severity of harm at hand. The City police have been securing the walkway to the parking facility at 2:30 a.m. since November 23, 1987. *See* Affidavit of John Dolce, Commissioner of Public Safety of White Plains, ¶ 4. Mr. Dolce avers that City police have included the White Plains station in their patrol for over twenty years. *See id.* Yet plaintiff did not commence this action until January 6, 1988. As the Second Circuit has observed, delay in seeking enforcement of rights "tends to indicate at least a reduced need for … drastic, speedy action." *Citibank, N.A. v.*

*Citytrust*, 756 F.2d 273, 276 (2d Cir.1985). Accordingly, this Court concludes that whatever loss the P.B.A. may incur may be adequately compensated by subsequent monetary damages.

## B. *Likelihood of Success on the Merits*

Although a failure to establish irreparable harm is dispositive of plaintiff's motion, the Court will nevertheless address the remaining tests concerning issuance of a preliminary injunction.

Plaintiff has not established probable success on the merits of its claim that the defendants have violated the collective bargaining agreement. In this circuit, a party seeking a preliminary injunction "need only make a showing that the probability of his prevailing is better than fifty percent." *Abdul Wali*, 754 F.2d at 1025. As Professor Dobbs has pointed out, however, "in the case of preliminary injunctions, even a substantial dispute as to the facts may furnish a strong reason to deny relief." D. Dobbs, Remedies 109 (1973). In the instant matter, the crucial fact is vigorously disputed: whether the two police forces have historically shared responsibilities at the White Plains station.

The premise of plaintiff's claim is that historically only P.B.A. members patrolled and responded to emergencies at the White Plains station, and, therefore the collective bargaining agreement reserves such activity to P.B.A. members. Defendants insist that for over twenty years City police have patrolled and responded to emergencies at the station. They maintain that the only change in these shared responsibilities that has occurred since November, 1987 entails the placing of a key in a lock at 2:30 a.m. This obvious conflict as to the case's dispositive issue precludes a finding of probable success on behalf of the P.B.A.

## C. *Sufficiently Serious Questions Going to the Merits*

For the reasons stated immediately above, this Court recognizes that serious issues of fact exist in this case. Such a question, standing alone, however, does not justify injunctive relief. Unless the balance of hardships tips decidedly in favor of the movant, the Court need not determine whether serious questions presenting a fair

ground for litigation are present. *See Buffalo Courier–Express, Inc. v. Buffalo Evening News, Inc.*, 601 F.2d 48, 58 (2d Cir. 1979). Thus the Court presently turns to an evaluation of the hardships relevant to this matter.

### D. *The Balance of Hardships*

■ To demonstrate that the balance of hardships tips in its favor, a movant must show that the harm it would suffer absent the relief sought is substantially greater than the harm its opponent would suffer if relief was granted. *See Buffalo Forge Co. v. Ampco Pittsburgh Corp.*, 638 F.2d 568, 569 (2d Cir.1981). When relevant, public interest is a factor to be considered on an application for a preliminary injunction. *See Carey v. Klutznick*, 637 F.2d 834, 839 (2d Cir.1980) (per curiam). When a movant seeks a preliminary injunction which may be adverse to the public interest, more than a fair ground for litigation must be shown, *see Union Carbide Agric. Products Co. Inc. v. Costle*, 632 F.2d 1014, 1017 (2d Cir.1980), and the movant must shoulder a greater burden of persuasion. *See Medical Society of New York v. Toia*, 560 F.2d 535, 538 (2d Cir.1977).

■ In the instant matter, the granting of a preliminary injunction would adversely affect the public and the City. The minimum response time of the Metro–North police to emergencies is approximately one half hour. The City police's average response time is no greater than three minutes. *See* Dolce Aff., ¶ 5. It is beyond cavil that the public has a serious interest in the swiftest response possible to emergencies which may arise at a public railway station. Moreover, the Court is aware that enjoining City police from patrolling the station will require a 9:00 p.m. closing of the access walkway rather than a 2:30 a.m. closing after the arrival of the last train. This would force late arriving passengers to walk several blocks and cross a five lane street in a deserted area to reach the station's parking facility. The Court declines to subject commuters to such an inconvenience and perhaps danger on the basis of plaintiff's spare allegations.

Additionally, the City would suffer potential hardship if preliminary relief were granted. If City police were enjoined from patrolling the White Plains station and an individual was subsequently injured at the station, the City might be sued for failure to adequately safeguard the station. The Court is unwilling to subject the City to the cost of defending such a lawsuit absent a more solid showing of irreparable harm by plaintiff.

The P.B.A. has not specified what injury it will suffer which will give rise to irreparable harm and the Court perceives no possible harm which would not be compensable by money damages. The gravamen of the P.B.A.'s claim is that City police are treading on their domain. If the P.B.A. should prevail on this claim, a permanent injunction and money damages will adequately compensate their loss.

### CONCLUSION

In accordance with the foregoing, plaintiff's motion for a preliminary injunction is denied.

Discovery is to proceed. The parties are directed to attend a pre-trial conference before this Court on December 5, 1988 at 11:15 a.m. in Courtroom 318 of the United States Courthouse, 40 Foley Square, New York, New York.

SO ORDERED.