**CEDAR SWAMP HOLDINGS, INC., et al., Plaintiffs,**

v.

**Faith ZAMAN, et al., Defendants.**

**No. 06 Civ. 13626(LAK).**

United States District Court, S.D. New York.

Feb. 8, 2007.

Brian Roy Socolow, John Anthony Piskora, Michael Philip Zweig, Loeb & Loeb LLP, New York City, for Plaintiffs.

Mark Alan Cymrot, Baker & Hostetler LLP, Washington, DC, for Defendants.

## MEMORANDUM AND ORDER

KAPLAN, District Judge.

Plaintiffs seek an order deleting defendants' papers in opposition to their preliminary injunction motion, filed December 30, 2006 (docket items 27–29), from the public record and instead filing them under seal or, alternatively, striking them from the record and directing that any future papers filed in this action that contain information that reasonably may be viewed as containing privileged or confidential information be filed under seal.

■ Judicial records presumptively are subject to public inspection. *United States v. Amodeo,* 71 F.3d 1044, 1047 (2d Cir.1995) (*"Amodeo II"*); *United States v. Amodeo,* 44 F.3d 141, 146 (2d Cir.1995); *Greater Miami Baseball Club L.P. v. Selig,* 955 F.Supp. 37, 39 (S.D.N.Y.1997). "[T]he presumption is at its strongest when the document in question ... has been submitted as a basis for judicial decision making." *Greater Miami Baseball,* 955 F.Supp. at 39. Only where countervailing considerations overcome the presumption may the public be denied access to such documents. *Amodeo II,* 71 F.3d at 1050–53; *Greater Miami Baseball,* 955 F.Supp. at 39.

■ Here, the Court has relied upon these papers in ruling on plaintiffs' motion for a preliminary injunction. There thus is a strong presumption in favor of keeping them on the public record. Plaintiffs have not overcome that presumption. Their overly broad claims of privilege and the like simply are insufficient. Even if they were more meritorious, the papers in question were on the public record for 9 days before plaintiffs even made the motion, and they did not seek expedited treatment of the motion. The papers now have been in the public domain for 40 days. Plaintiffs' tardiness in seeking protection underscores the weakness of their claim. *See Weight Watchers Int'l, Inc. v. Luigino's, Inc.,* 423 F.3d 137, 144 (2d Cir.2005) (delay in seeking modification of injunction may warrant denial of relief); *Tough Traveler, Ltd. v. Outbound Prods.,* 60 F.3d 964, 968 (2d

Cir.1995) ("Though such delay may not warrant the denial of ultimate relief, it may, 'standing alone, ... preclude the granting of preliminary injunctive relief'") (quoting *Majorica, S.A. v. R.H. Macy & Co.*, 762 F.2d 7, 8 (2d Cir.1985) (per curiam)).

The request for prospective relief is another matter. One side subsequently may wish to file material as to which the other claims that good cause for confidentiality exists. A mechanism for resolving such issues amicably or, if that proves impossible, for resolving them in advance of papers being filed on the public record would be desirable. As the parties have not suggested that any serious attempt has been made to work out such a mechanism by agreement, however, it would be premature for the Court to undertake this at this time.

Accordingly, plaintiffs' motion to delete defendants' papers in opposition to the preliminary injunction motion from the public record and for other relief is denied in all respects. The denial is without prejudice to a renewed application for a protective order with respect to identification and resolution of disputes regarding the sealing of future filings after the parties have made a good faith effort to agree upon a suitable procedure.

SO ORDERED.