09-4153-pr
Levola v. Fischer

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of December, two thousand ten.

PRESENT:
       WILFRED FEINBERG,
       BARRINGTON D. PARKER,
       RICHARD C. WESLEY,
            *Circuit Judges*.

_____

Mark W. Levola,

       *Plaintiff-Appellant*,

       v.                                    09-4153-pr

Brian Fischer, Commissioner, *et al.*,

       *Defendants-Appellees*.

_____

FOR APPELLANT:        Mark W. Levola, *pro se*, Sonyea, NY.

FOR APPELLEES:        Martin A. Hotvet, Assistant Solicitor
                      General, Albany, NY, *for* Andrew M. Cuomo,
                      Attorney General of the State of New York;
                      Barbara D. Underwood, Solicitor General,
                      Albany, NY.

Appeal from an order of the United States District Court for the Northern District of New York (McAvoy, *J.*)

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court be **AFFIRMED.**

Appellant Mark W. Levola, *pro se* and incarcerated, appeals the district court's order denying his motion for injunctive relief. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, and repeat them only where necessary below.

We have jurisdiction over this interlocutory appeal because Levola challenges the district court's denial of his motion for injunctive relief. *See* 28 U.S.C. § 1292(a)(1) ("[T]he courts of appeals shall have jurisdiction of appeals from . . . [i]nterlocutory orders of the district courts . . . refusing . . . injunctions."); *accord Lynch v. City of New York*, 589 F.3d 94, 98 (2d Cir. 2009). We review the district court's denial of a preliminary injunction for abuse of discretion. *See Alleyne v. N.Y. State Educ. Dep't*, 516 F.3d 96, 100 (2d Cir. 2008). Ordinarily, "a party seeking a preliminary injunction [must] show (a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Citigroup Global Mkts., Inc. v. VCG Special*

2

*Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010) (internal quotations omitted).  A party, like Levola, however, who seeks "a 'mandatory' injunction — that is . . . an injunction that will alter rather than maintain the status quo — . . . must meet the more rigorous standard of demonstrating a 'clear' or 'substantial' likelihood of success on the merits."  *Doninger v. Niehoff*, 527 F.3d 41, 47 (2d Cir. 2008) (citation omitted).

Levola sought an order from the district court compelling the Defendants to admit him as a patient at a specific hospital.  The district court denied his motion, finding that Levola had failed to demonstrate both irreparable harm and a likelihood of success on the merits.  We agree.

Accepting as true the allegations in Levola's complaint, Levola did not allege any facts to suggest that he faced a serious and immediate danger of irreparable harm.  Indeed, Levola claimed that he began receiving deficient medical care in 2004, but he did not file his complaint until 2009, well after many of the events he identified had occurred.  *See Hirschfeld v. Bd. of Elections*, 984 F.2d 35, 39 (2d Cir. 1993) (holding that a party's delay in seeking an injunctive relief "severely undermines [its] argument that absent a stay irreparable harm w[ill] result"); *see also Majorica, S.A. v. R.H. Macy & Co.*, 762 F.2d 7, 8 (2d Cir. 1985) (finding that plaintiff had failed to show irreparable harm because it waited seven months to seek an injunction).

Therefore, the district court appropriately concluded that Levola failed to show that he faced an immediate danger of irreparable harm, and we affirm the district court's order on that basis. *See Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 67-68 (2d Cir. 2007) (affirming lower court's denial of preliminary injunction because movant failed to demonstrate irreparable injury).

For the foregoing reasons, the order of the district court is hereby **AFFIRMED.**

                                                    FOR THE COURT:
                                                    Catherine O'Hagan Wolfe, Clerk

4