Mark D. Kindt, Sp. Asst. U. S. Atty., Cleveland, Ohio, for defendant.

## P. K. FAMILY RESTAURANT, Plaintiff,

v.

## INTERNAL REVENUE SERVICE, Defendant.

### No. Mis 82–17.

United States District Court, N. D. Ohio, E. D.

March 31, 1982.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Pending before the Court is defendant Internal Revenue Service's (IRS) Motion to Dismiss and plaintiff's pleading styled "Temporary Restraining Order to Keep Business in Operation". For the reasons set forth below, the defendant's Motion is granted and the plaintiff's request for injunctive relief is denied.

Assessments for employer taxes were made against the plaintiff, P.K. Family Restaurant, for the period September 1, 1980 through December 28, 1981 in the amount of $28,818.82. On March 15, 1982, this Court granted the IRS's request to levy on the property of the P.K. Family Restaurant in order to collect the back taxes owed to the government. On March 24, 1982 the IRS began to seize various assets of the plaintiff restaurant pursuant to the March 15th order. On that same date, the restaurant filed a pleading seeking injunctive relief to restrain the IRS from effecting its levy until April 15, 1982, by which time the restaurant promised that the outstanding tax balance would be paid. On March 25, 1982 this Court heard oral argument from

counsel for both parties regarding the relative merits of the plaintiff's request.

The IRS levy was effectuated pursuant to 26 U.S.C. § 6331. Plaintiff does not allege anything improper about the IRS's decision to levy on plaintiff's property. In fact, plaintiff's counsel represented to the Court that the plaintiff owes the money to the IRS. Plaintiff merely seeks to obtain a grace period until April 15, 1982 and represents to the Court and to the government that by that date the balance of its tax debt will be paid. As security, plaintiff offers the government a line of credit extended to it by the National Solar Heat Company with net assets of over $7 million dollars, and argues that the IRS abuses its discretion in refusing to accept any line of credit unless it is extended by a bank.

 Plaintiff's attempt to seek judicial intervention in this matter fails for two reasons. (1) A civil action is commenced with the filing of a complaint. Rule 3, Federal Rules of Civil Procedure. Absent a complaint, this Court lacks jurisdiction to entertain plaintiff's petition for injunctive relief. (2) Assuming *arguendo* that plaintiff had properly filed suit in this matter, the anti-injunction provision of the Internal Revenue Code precludes this Court from entertaining plaintiff's request. Title 26, United States Code, § 7421(a) states:

> Except as provided in sections 6212(a) and (c), 6213(a), 6672(b), 6694(c), 7426(a) and (b)(1), and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

The mandate of § 7421 is clear. No suit shall lie to restrain the collection of taxes by the government, and this Court has no general authority to review alleged abuses of discretion by the IRS with respect to such collection. Case law is consistent in permitting an exception only when the taxpayer can demonstrate *both* (1) that there is something unlawful about the assessment, or collection, of the tax, *and* (2) that the taxpayer will suffer irreparable injury for which he has no adequate remedy at law. *Enochs v. Williams Packing and Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). See also *Miller v. Standard Nut Margarine Company of Florida*, 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 517 (1932); *Midwest Haulers, Inc. v. Brady*, 128 F.2d 496 (6th Cir. 1942). Allegations of irreparable injury and abuse of discretion are simply not enough to negate the anti-injunction provisions of 26 U.S.C. § 7421(a).

Therefore, for the reasons set forth above, the defendant's Motion to Dismiss is hereby granted and the plaintiff's pleading to restrain the enforcement of the IRS levy of March 15, 1982 is hereby dismissed.

IT IS SO ORDERED.