Robert H. **ADAIR** et al., Plaintiffs,

v.

Gordon R. **ENGLAND,** Secretary of the Navy, et al., Defendants.

**Chaplaincy of Full Gospel Churches et al., Plaintiffs,**

v.

Gordon R. **England,** Secretary of the Navy, et al., Defendants.

Nos. CIV.A.00–0566(RMU), CIV.A.99–2945(RMU).

United States District Court, District of Columbia.

March 29, 2002.

Arthur A. Schulcz, Sr., Vienna, VA, Counsel for the Plaintiffs.

Thomas E. Caballero, U.S. Department of Justice, Washington, DC, Counsel for the Defendants.

## *MEMORANDUM OPINION*

URBINA, District Judge.

DENYING WITHOUT PREJUDICE THE PLAIN-
TIFFS' MOTION FOR A PRELIMINARY IN-
JUNCTION TO RESTORE THE STATUS QUO

## I.  INTRODUCTION

These cases come before the court on the plaintiffs' motion for a preliminary injunction to prevent the government from either censoring or compelling their speech by requiring them to recruit new members to the Navy's Chaplain Corps.  The plaintiffs, current and former Navy chaplains and an ecclesiastical endorsing agency for military chaplains, bring these suits alleging that the Navy's policies and practices favor one religion over another in violation of the First Amendment's Establishment and Free Exercise Clauses, and in violation of the Fifth Amendment's Equal Protection Clause.  Specifically, the plaintiffs charge that the hiring, retention, and promotion policies of the Navy Chaplain Corps demonstrate an unconstitutional endorsement of liturgical Christian sects over non-liturgical Christian sects.[1]

---

1.  For an explanation of the differences between liturgical and non-liturgical Christian  sects, see the court's Memorandum Opinion

This matter now comes before the court on the plaintiffs' motion for a preliminary injunction to prevent the Navy from requiring the plaintiffs to recruit religious leaders from the public at large into the Navy's Chaplain Corps. The court concludes that it currently lacks jurisdiction over the claims that the plaintiffs set forth in their motion for a preliminary injunction since neither complaint includes these allegations. Accordingly, the court denies the plaintiffs' motion without prejudice. The court will give the plaintiffs 30 days from the date of this Memorandum Opinion to supplement their complaints pursuant to Federal Rule of Civil Procedure 15(d), and will grant the plaintiffs leave to refile this motion at a later date, if they so choose, once the claims are part of the case.

## II. BACKGROUND

Although the above-captioned cases are not consolidated for all purposes, they have been consolidated for purposes of all pretrial pending motions.[2] In the *Chaplaincy* case, the plaintiffs are an endorsing agency for military chaplains and seven of its individual members. In the *Adair* case, the plaintiffs are 17 current and former non-liturgical chaplains in the Department of the Navy ("the defendants," "Navy," or "DON"). In both cases, the plaintiffs allege that the Navy has established and maintained an unconstitutional religious quota system for promotion, as-

signments, and retention of Navy chaplains, in violation of both the Establishment Clause and the Free Exercise Clause of the First Amendment, and the Equal Protection Clause of the Fifth Amendment. Specifically, the plaintiffs allege that the Navy's policies and practices favor liturgical Christian chaplains over non-liturgical Christian chaplains.[3]

On January 10, 2002, the court issued a Memorandum Opinion granting in part and denying in part the defendants' motion to dismiss. *See Adair v. England*, 183 F.Supp.2d 31, 2002 WL 27293 (D.D.C. Jan.10, 2002). The court held that strict scrutiny applies to the plaintiffs' First Amendment and equal protection claims, that the plaintiffs did not need to exhaust their administrative remedies before filing suit in federal court, that the plaintiffs had stated a claim that the Navy's hiring and retention policies violate the Establishment Clause, that the Navy's practices of allowing chaplains to rate other chaplains for promotions and of allowing multiple chaplains to serve on promotion boards do not violate the Establishment Clause, that the plaintiffs had stated a claim that the Navy's practice of displaying the religious identity of chaplains up for promotion violates the Establishment Clause and Free Exercise Clause, that the Navy's practice of having only "General Protestant" religious services could violate the Establish-

---

issued January 10, 2002. *See Adair v. England*, 183 F.Supp.2d at 38 (D.D.C.2002).

2. In January 2001, the court's Calendar Committee transferred both of these cases from Judge June Green to this member of the court. In an order dated September 26, 2000, Judge Green accepted the parties' joint recommendation and consolidated the two cases for purposes of the pretrial pending motions. *See* Order dated September 26, 2000. The parties and the court have continued to treat these cases as consolidated for purposes of all pretrial motions.

3. For the sake of brevity, the court will not reiterate the extensive factual and procedural history, and the numerous allegations in these cases. For a detailed discussion of these matters in the *Adair* and *Chaplaincy* cases, see the court's January 10, 2002 Memorandum Opinion. *See* 183 F.Supp.2d 31, 2002 WL 27293 *2–11. For a detailed discussion of the factual background of the *Chaplaincy* case, see Judge Green's August 17, 2000 Memorandum Opinion at 2–7.

ment Clause, and that the plaintiffs had stated a free speech claim. *See id.*

In March 2001, top officials directed all chaplains "to personally and actively support chaplain recruiting efforts." Mot. for Prelim. Inj. at 4 (citing Exs. 2 (Letter from Chief of Chaplains Black dated March 30, 2001), 3 (Memorandum from Deputy Chief of Chaplains Iasiello dated March 2001)). According to the plaintiffs, top-level Navy Chaplain Corps officials instructed chaplains that a failure to actively recruit "will be noted in fitness reports and chaplain recruiting support will be a criteria for promotion board consideration." *Id.*

The plaintiffs filed a motion for a preliminary injunction asking the court to stop the implementation of the Navy's new directives. The plaintiffs contend that the new directives require them to speak positively about the Chaplain Corps or to refrain from making negative comments about the Chaplain Corps. *See* Mot. for Prelim. Inj. at 1.

From the plaintiffs' perspective, the new policies force them to be dishonest and place them in an untenable position. *See id.* at 4. On the one hand, the plaintiffs note that they are actively pursuing this litigation, which includes public, negative speech about the Navy Chaplain Corps. *See id.* at 6. "Since these lawsuits do not support recruiting, Plaintiffs' raters can use the fact that Plaintiffs have filed these suit[s] as a reason to lower their fitness reports." *Id.* "The Directives punish Plaintiffs for warning civilian clergy of the Navy's systematic hostility and culture of prejudice challenged in these cases." *Id.* at 4. On the other hand, the plaintiffs charge that the new directives compel only positive, public speech about the Chaplain Corps and prevent any negative, public speech, such as the complaint filed in this action. *See id.* at 1. Accordingly, the plaintiffs assert that the directives force them to praise the Chaplain Corps when, in fact, they have already publicly expressed serious misgivings about the Corps's policies. *See id.* at 6.

Noting that the new directives came into existence in March 2001, one year after they filed the second of these two complaints, the plaintiffs allege that one of the principal purposes for the new policies was the Navy's desire to retaliate against the plaintiffs for filing these lawsuits. *See* Mot. for Prelim. Inj. at 9. The plaintiffs also claim that the directives burden their free speech rights and violate the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq. See id.*

The defendants deny the allegations, stating that the senior Chaplain Corps officials issued the directives "to inform chaplains of the number one priority of the Chief of Naval Operations—manpower." *See* Defs.' Opp'n at 1. "The Chief of Naval Operations has repeatedly expressed his belief that meeting the Navy's human resource needs is the top challenge that the Navy faces at present, and that meeting that challenge requires a Navy-wide commitment to recruiting and retaining top-notch personnel." *Id.*

Before addressing the merits of the plaintiffs' motion for a preliminary injunction, the defendants make a procedural argument that the court deems dispositive. *See id.* at 3 n. 1. They note that the "plaintiffs' motion for a preliminary injunction is not related to any allegations or claims raised by the complaints in these cases." *Id.* Accordingly, the defendants contend that the court lacks jurisdiction over the request for injunctive relief on these issues. *See id.* The court agrees.

## III.  ANALYSIS

### A.  Legal Standard for Jurisdiction to Entertain a Motion for Injunctive Relief

■ A party commences a civil action by filing a complaint. *See* FED. R. CIV. P. 3. When no complaint is filed, the court lacks jurisdiction to entertain the plaintiff's petition for injunctive relief. *See P.K. Family Restaurant v. Internal Revenue Serv.*, 535 F.Supp. 1223, 1224 (N.D.Ohio 1982) (dismissing the case when the plaintiff filed no complaint but sought injunctive relief to delay the collection of taxes); *In the Matter of the Tax Indebtedness of Boyle*, 1996 WL 806190 *1 (C.D.Cal.). In addition, this court's Local Civil Rules require that "[a]n application for preliminary injunction shall be made in a document separate from the complaint." LCvR 65.1.

■ Even when a motion for a preliminary injunction is predicated on a complaint, if the motion raises issues different from those presented in the complaint, the court has no jurisdiction over the motion. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir.1994); *Stewart v. U.S. Immigration and Naturalization Serv.*, 762 F.2d 193, 198–99 (2d Cir.1985). When the motion is based on facts closely related to the facts in the complaint, however, the court may have jurisdiction to review a motion for preliminary relief pursuant to the All Writs Act, 28 U.S.C. § 1651(a). *See Equal Employment Opportunity Comm'n v. Locals 14 and 15, Int'l Union of Operating Eng'rs*, 438 F.Supp. 876, 879–80 (S.D.N.Y. 1977). While a court can use the All Writs Act to issue process in aid of its jurisdiction, it cannot use the Act to enlarge its jurisdiction. *See Clinton v. Goldsmith*, 526 U.S. 529, 534–35, 119 S.Ct. 1538, 143 L.Ed.2d 720 (1999); *Pennsylvania Bureau of Correction v. United States Marshals Serv.*, 474 U.S. 34, 43, 106 S.Ct. 355, 88 L.Ed.2d 189 (1985); *Telecommunications Research and Action Ctr. v. Fed. Commu-* *nications Comm'n*, 750 F.2d 70, 78 (D.C.Cir.1984) (stating that the All Writs Act does not independently grant jurisdiction to a court).

### B.  The Court Denies the Plaintiffs' Motion for a Preliminary Injunction Without Prejudice Because the Court Lacks Jurisdiction

■ Neither the plaintiffs' complaint in the *Chaplaincy* case nor the one in the *Adair* case contains any allegations about the Navy's alleged policy of forced recruiting. In the *Adair* case alone, the plaintiffs set forth 13 different counts, ranging from alleged violations of the Establishment Clause, the Free Exercise Clause, and the Equal Protection Clause. While the complaint includes one count alleging that the Navy unconstitutionally restricts the plaintiffs' religious speech, this count is closely intertwined with the plaintiffs' free exercise claims and alleges that the Navy silences the plaintiffs based on the content of their religious speech. *See Adair v. England*, 183 F.Supp.2d at 58–59. In the instant motion, the plaintiffs' free speech claim is entirely different since it has nothing to do with the religious content of the speech. *See* Mot. for Prelim. Inj. In short, neither complaint contains any claim resembling the new claims contained in the plaintiffs' motion for a preliminary injunction.

Similarly, in *Devose*, a district court denied a plaintiff's motion for a preliminary injunction that was filed without a closely related complaint. *See* 42 F.3d at 471. The plaintiff's complaint alleged that the defendant prison officials had denied him adequate medical treatment for injuries he received while being transported between prison units, while the motion for a preliminary injunction involved disciplinary charges that the defendants allegedly filed against the plaintiff in retaliation for the

underlying civil action. *See id.* The Eighth Circuit affirmed, explaining that "[a]lthough these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit." *Id.* (citing *Stewart*, 762 F.2d at 198–99) (ruling that because the incident relating to the plaintiff's motion for injunctive relief presented issues entirely different from those alleged in the complaint, the district court lacked jurisdiction over the motion).

For jurisdiction to exist over the instant motion for injunctive relief, the motion must be closely related to the facts, legal issues, and parties addressed in the plaintiffs' amended complaints. *See Equal Employment Opportunity Comm'n*, 438 F.Supp. at 880. In this case, however, as in *Devose* and *Stewart*, the only connections between the underlying lawsuit and the motion for a preliminary injunction are that both involve the plaintiffs and the defendants, and that the plaintiffs believe the defendants are retaliating against them because of the underlying lawsuit. *See Devose*, 42 F.3d at 471; *Stewart*, 762 F.2d at 198–199. As the Second and Eighth Circuits have held in similar situations, this connection to the complaint is insufficient. *See id.* Accordingly, the court lacks jurisdiction over the plaintiffs' motion for a preliminary injunction and thus denies the motion without prejudice.

### C. The Court Allows the Plaintiffs to Supplement Their Pleadings

█ A plaintiff may supplement a complaint by setting forth events that have occurred since the date of the original complaint. *See* FED. R. CIV. P. 15(d). In their motion for a preliminary injunction, the plaintiffs mistakenly ask the court for leave to amend the pleadings, rather than asking the court for leave to supplement their pleadings. *See* Mot. for Prelim. Inj. at 5 n. 9; *compare* FED. R. CIV. P.

15(a) *with* FED. R. CIV. P. 15(d). Despite the defendants' argument that the plaintiffs should not be allowed to supplement their pleadings, this case is still at a relatively early stage and discovery has not yet begun. Accordingly, the court believes that allowing the plaintiffs to supplement their pleadings would be the most sensible and logical way to proceed in this case. The court, then, gives the plaintiffs 30 days from the date of this Memorandum Opinion to supplement their complaints to add these new claims pursuant to Federal Rule of Civil Procedure 15(d). The defendants shall have 30 days from that date to answer. After the defendants have answered, the plaintiffs, if they so choose, may refile the instant motion for a preliminary injunction.

### IV. CONCLUSION

For all these reasons, the court denies without prejudice the plaintiffs' motion for a preliminary injunction to restore the status quo. An order directing the parties in a fashion consistent with this Memorandum Opinion is separately and contemporaneously issued this _____ day of March, 2002.

### *ORDER*

DENYING WITHOUT PREJUDICE THE PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION TO RESTORE THE STATUS QUO

For the reasons stated in this court's Memorandum Opinion separately and contemporaneously issued this _____ day of March, 2002, it is hereby

**ORDERED** that the plaintiffs' motion for a preliminary injunction to restore the status quo is **DENIED without prejudice**; and it is

**FURTHER ORDERED** that the plaintiffs shall have 30 days from the date of this order to supplement their pleadings

pursuant to Federal Rule of Civil Procedure 15(d); and it is

**ORDERED** that the defendants shall have 30 days from the previous date to file an answer; and it is

**FURTHER ORDERED** that the plaintiffs shall have leave to refile the instant motion for a preliminary injunction, if they so choose, after the defendants have answered.

**SO ORDERED.**