**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 19, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TONY E. POWELL,

       Plaintiff/Appellant,

v.

MR. RIOS (Warden), MR. WILNER
(S.I.A.), MR. KRIST (Lieutenant), and
MR. ROMERO (Property Officer),

       Defendants/Appellees.

No. 06-1289
(D.C. No. 06-CV-0545-ZLW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HENRY, TYMKOVICH,** and **HOLMES**, Circuit Judges.

This appeal involves the dismissal of a *pro se* prisoner action for failure to

comply with previous court orders directing plaintiff to file a formal complaint.

Unbeknownst to the district court, plaintiff filed a complaint on the last day of the

prescribed period for avoiding dismissal. However, the Clerk's Office for the

District of Colorado ("Clerk's Office"), along with the assigned magistrate judge,

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th
Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

believed that plaintiff intended to initiate a new civil action, and, several weeks after receiving plaintiff's complaint, filed it under a new civil action number. Plaintiff therefore never received the benefit of this filing in his original action.

Because plaintiff complied with its orders, the district court abused its discretion in dismissing plaintiff's action without prejudice pursuant to Fed. R. Civ. P. 41(b). Accordingly, we **REVERSE** the district court's judgment, and **REMAND** for proceedings consistent with this opinion.

## I.   BACKGROUND

The resolution of this appeal requires a detailed discussion of the procedural background of two separate actions – Civil Action No. 06-CV-0545 ("06-CV-0545" or "first action") and Civil Action No. 06-CV-1061 ("06-CV-1061" or "second action") – both before the same district court judge.[1] The interplay between these actions is crucial to understanding why the district court

---

[1]   We take judicial notice of the public documents filed in 06-CV-1061. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (noting "discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand"; taking judicial notice of "publicly-filed records" in unrelated criminal prosecution and appeal, including "appellate briefs, the criminal judgment, and the transcript of the sentencing proceeding"); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (taking judicial notice of documents in separate federal district court action and noting that "federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"); *accord Reyn's Pasta Bella, LLC v. VISA USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking notice of pleadings and other documents filed in related litigation).

erred in dismissing 06-CV-0545.

### A. Commencement of 06-CV-0545

Plaintiff Tony Powell ("plaintiff"), a *pro se* prisoner, submitted an application for a temporary restraining order on March 16, 2005. It was not filed until March 27, 2006.

In his motion, plaintiff claimed that prison officials placed him in a segregated holding cell, after falsifying plaintiff's involvement in a physical confrontation with another prisoner; denied him access to his own legal documents; and precluded him from accessing the prison law library. Plaintiff contended that these actions prevented him from meeting, in a pending appeal, the deadline for filing a petition for certiorari in the Supreme Court. Plaintiff also asserted that his disciplinary hearing officer recommended a penalty in violation of prison policy for the allegedly spurious altercation.

On March 27, 2006, the magistrate judge entered an "Order Directing Clerk to Commence Civil Action And Directing Plaintiff to Cure Deficiency." 06-CV-0545, Doc. No. 1. The magistrate judge directed the Clerk of Court to "commence a civil action," but commanded plaintiff, if he wished to pursue his claims, *both* to submit a motion and affidavit pursuant to 28 U.S.C. § 1915(a), or to pay the applicable filing fee, *and* to file a proper complaint within 30 days. *Id.* at 1-2. Plaintiff's civil action was assigned case number 06-CV-0545.

On April 5, 2006, plaintiff filed a petition to stay the proceedings.

Plaintiff argued, in part, that he was in the beginning stages of exhausting his administrative remedies through the prison grievance process.[2] The magistrate judge denied this petition on April 6, 2006, on the ground that a "prisoner must exhaust the available administrative remedies before initiating a federal lawsuit, not while the lawsuit is pending." R., Vol. I, Doc. No. 5 at 1.

On April 13, 2006, plaintiff paid the $250.00 filing fee. On April 18, 2006, plaintiff sought reconsideration of the April 6, 2006 Order denying his motion for a stay of the proceedings. Plaintiff's reconsideration motion was denied the following day.

Plaintiff then lodged an objection with the district court. Plaintiff argued that a litigant need not submit a civil complaint prior to seeking preliminary injunctive relief pursuant to Fed. R. Civ. P. 65. He also argued that the magistrate judge knew plaintiff could not satisfy the complaint requirement because he had not exhausted his administrative remedies under the prison grievance policy, as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA").

On May 4, 2006, the district court overruled plaintiff's objection. The district court construed plaintiff's objection as a challenge under 28 U.S.C. §

---

[2] Plaintiff also argued that, although he was no longer confined to a segregated unit, he continued to suffer from violations of his constitutional rights.

4

636(b)(1)(A), which permits a district court to reconsider a magistrate judge's resolution of any designated pretrial matter when the order is clearly erroneous or contrary to law. Applying this standard, the district court held that the March 27, 2006 Order was appropriate because Fed. R. Civ. P. 3 requires a plaintiff to commence an action through a "complaint"; it could not be done through a motion for a temporary restraining order and a letter to the court. The district court further held that there was no error of law in the April 6 and April 19, 2006 Orders because the PLRA mandates the exhaustion of administrative remedies prior to bringing suit, *see* 42 U.S.C. § 1997e(a), and because a stay should not issue when this administrative requirement has yet to be met.

Despite agreeing with the magistrate judge's analysis, the district court did not dismiss plaintiff's action. Instead, the district court afforded plaintiff 15 days from the date of the entry of the Order to file a complaint.

On May 16, 2006, plaintiff filed a petition for an enlargement of time in which to file a complaint. On May 17, 2006, the magistrate judge denied plaintiff's request for an open-ended extension, again stressing that the completion of the exhaustion requirement is not an appropriate basis for extending the time in which to file a complaint.

**B.    Commencement of 06-CV-1061**

On May 19, 2006, the Clerk's Office stamped as received plaintiff's complaint.

5

Plaintiff's complaint named the same defendants as identified in his motion for a temporary restraining order, and it added one additional defendant, plaintiff's disciplinary hearing officer. Mirroring the arguments presented in his motion for a temporary restraining order, plaintiff alleged that defendants engaged in unconstitutional and tortious behavior, *inter alia*, by inventing the existence of a physical altercation involving plaintiff and another prisoner, by placing plaintiff in segregation for this fictional altercation, and by intentionally denying plaintiff access to the law library and to documents necessary to file a petition for certiorari in the Supreme Court. Plaintiff further alleged that he was denied due process during the disciplinary proceedings regarding the allegedly fabricated incident.[3]

Plaintiff did not attach a civil action number to his complaint. Nor did he identify 06-CV-0545 as a pending civil action. As a consequence, plaintiff's complaint was treated as a separate action, rather than as part of the action in which he filed his motion for a temporary restraining order – that is, 06-CV-0545.

Plaintiff's complaint was not accompanied by a filing fee, or a motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915. Presumably because of this perceived deficiency, it was not docketed immediately. Ultimately, on June 5, 2006, the magistrate judge assigned to plaintiff's first action directed the

---

[3] Plaintiff also attached documents purporting to demonstrate that he exhausted his administrative remedies as to the tort claims.

6

Clerk of Court to commence a new civil action, with a new civil action number. He also commanded plaintiff to pay a new filing fee or to comply with 28 U.S.C. § 1915 within 30 days. The new civil action was designated No. 06-CV-1061, and it ended up on the docket of the same district judge handling the first action (*i.e.*, 06-CV-0545).

## C. Dismissal of 06-CV-0545

On May 25, 2006, the district court entered an "Order and Judgment of Dismissal" in 06-CV-0545. R., Vol. I, Doc. No. 13 at 1-2. The district court dismissed plaintiff's action without prejudice as a response to plaintiff's perceived failure to file a complaint in accordance with the deadlines identified in the March 27, 2006 and May 4, 2006 Orders. The district court further denied as moot plaintiff's application for a temporary restraining order.

On June 5, 2006, plaintiff filed a motion to reopen the action. Plaintiff contended that on May 16, 2006, he submitted a "*Bivens* civil complaint" alleging a variety of claims against defendants. R., Vol. I, Doc. No. 16 at 1. Plaintiff also provided verification from the prison mailroom that he sent legal mail on May 8, 2006 and May 16, 2006. Plaintiff suggested that his complaint may have been lost in the mail, but failed to attach a copy of this document. He asked the district court to investigate the matter.

On June 14, 2006, plaintiff sought clarification of the district court's May 25, 2006 Order. Again, plaintiff contended that he submitted a civil complaint on

7

or about May 16, 2006.

The district court denied plaintiff's motion for clarification, emphasizing that its May 25, 2006 Order "speaks for itself." R., Vol. I, Doc. No. 21 at 1. Plaintiff also was admonished to place the correct docket number on all filed documents, due to his simultaneous litigation of two pending actions – 06-CV-1061 and 06-CV-0545.

On July 6, 2006, the district court construed plaintiff's June 5, 2006 motion to reopen as a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). The district court, however, found that plaintiff failed to provide any legal basis why it should reconsider and vacate its decision to dismiss the action without prejudice. No mention was made of the May 19, 2006 complaint.

### D.    Dismissal of 06-CV-1061

On July 14, 2006, the district court dismissed without prejudice plaintiff's complaint in 06-CV-1061. This dismissal was a response to plaintiff's failure to comply with the magistrate judge's June 5, 2006 Order requiring plaintiff either to satisfy the requirements of 28 U.S.C. § 1915 or to pay the $350.00 filing fee. Specifically, the district court found that although plaintiff submitted a motion for leave to proceed pursuant to 28 U.S.C. § 1915, he failed to provide a certified copy of his trust fund account statement pursuant to 28 U.S.C. § 1915(a)(2).

Plaintiff subsequently filed a motion to amend the judgment pursuant to Rule 59(e), and a motion for reconsideration pursuant to Rule 60(b). Both

8

motions were timely. In the latter motion, plaintiff underscored the district court's erroneous creation of two separate civil actions:

> On May 4, 2006, the court in overruling petitioner's objection motion, allowed Petitioner 15 days from the date of that order to to [sic] submit a complaint as initially directed in March 27, 2006, order to cure.
>
> Petitioner [o]n May 16, 2006, submitted the requested complaint, however, added to the complaint was DHO hearing officer Dunlap, and where Mr. Rios Warden's name was the head of the complaint, petitioner placed Mr. Wilner's name as the head of the complaint without realizing that, this would change the complaint entirely and and [sic] actually began [sic] a new civil action.
>
> Petitioner, Powell *did not intend to began [sic] another action*, and *now seeks to correct the mistake pursuant to Rule 60(a), because Civil Action No. should not have been initiated, and was initiated in error . . . .*

06-CV-1061, Doc. No. 8 at 3 (emphasis added).

On July 28, 2006 and August 9, 2006, respectively, the district court denied plaintiff's Rule 59(e) and Rule 60(b) motions. The district court found that plaintiff failed to demonstrate a legally sufficient basis for reconsideration of the July 14, 2006 Order.

### E.     Appeal in No. 06-CV-0545

On July 17, 2006, plaintiff filed a notice of appeal with the district court in 06-CV-0545. However, because plaintiff failed to pay the requisite filing fee or to submit a motion and affidavit for leave to proceed on appeal pursuant to 28 U.S.C. § 1915, the district court issued an Order requiring plaintiff to cure the

9

deficiencies in plaintiff's notice of appeal within thirty days. Plaintiff's appeal was docketed with this Court on July 19, 2006.

On July 28, 2006, plaintiff filed a motion and affidavit for leave to proceed on appeal pursuant to 28 U.S.C. § 1915. He also filed a copy of the income statement for his prison account. On August 8, 2006, the district court denied plaintiff's motion, explaining that the appeal lacked a reasoned, non-frivolous basis.

**F.     Appeal in No. 06-CV-1061**

On August 15, 2006, plaintiff filed a notice of appeal in 06-CV-1061. Plaintiff again detailed the confusion surrounding the district court's treatment of his complaint, noting that it was not his intention to initiate a new action.

On September 5, 2006, plaintiff sought leave to proceed on appeal pursuant to 28 U.S.C. § 1915. As in 06-CV-0545, the district court denied this motion on the ground that the appeal was not taken in good faith. Ultimately, after the appeal was docketed, plaintiff filed a motion to dismiss the appeal, which was granted by this Court on January 24, 2007.

**II.     DISCUSSION**

The instant appeal relates only to the resolution of plaintiff's first action – 06-CV-0545. Plaintiff argues that the district court erred by dismissing his action for failure to comply with the March 27, 2006 and May 4, 2006 Orders when, in

10

fact, plaintiff filed a complaint by the applicable deadline.[4] We review for abuse of discretion the district court's decision to dismiss an action for failure to comply with a court order. *See Cosby v. Meadors*, 351 F.3d 1324, 1326 (10th Cir. 2003). Although not expressly stated by the district court, we presume that the dismissal without prejudice was pursuant to Rule 41(b). *Cf. Brown v. Beck*, 203 Fed. Appx. 907, 909 (10th Cir. Aug. 1, 2006) (unpublished) (treating dismissal of PLRA plaintiff's complaint without prejudice for failure to comply with court order to pay partial filing fee as dismissal pursuant to Rule 41(b)); *Florence v. Decker*,

---

[4] Plaintiff also contends that the district court committed legal error by requiring him to file a complaint *in addition to* his motion for a temporary restraining order. We conclude in text below that plaintiff timely filed his complaint in the first action. This filing seemingly would render moot plaintiff's contention concerning his motion for a temporary restraining order. In any event, even if plaintiff's alternative assignment of error was not a moot point, it is wholly without merit. The Federal Rules of Civil Procedure make clear that *only* a properly-filed "complaint" can commence a civil action. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); Fed. R. Civ. P. 3 advisory committee's note, 1937 adoption ("This rule provides that the first step in an action is the filing of the complaint."). Absent a properly-filed complaint, a court lacks power to issue preliminary injunctive relief. *See, e.g.*, *Alabama v. United States Army Corps of Eng'rs*, 424 F.3d 1117, 1134 (11th Cir. 2005) ("injunctive relief must relate in some fashion to the relief requested in the complaint"), *cert denied*, 126 S.Ct. 2862 (2006); *Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) ("When no complaint is filed, the court lacks jurisdiction to entertain the plaintiff's motion for [preliminary] injunctive relief."); *P.K. Family Rest. v. IRS*, 535 F. Supp. 1223, 1224 (N.D. Ohio 1982) (denying request for temporary restraining order because "[a]bsent a complaint, this Court lacks jurisdiction to entertain plaintiff's petition for injunctive relief").

153 Fed. Appx. 478, 479-80 (10th Cir. Oct. 28, 2005) (unpublished) (same).

Rule 41(b) authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or "any order of court." Fed. R. Civ. P. 41(b). This rule has been interpreted as permitting courts to dismiss actions *sua sponte* when one of these conditions is met. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Although generally a district court is not obligated to follow "any particular procedures" when dismissing an action *without prejudice* under Rule 41(b)*, Nasious v. Two Unknown B.I.C.E. Agents*, No. 07-1105, __ F.3d __, 2007 WL 1895877, at *2 (10th Cir. July 3, 2007), its decision is nonetheless subject to abuse-of-discretion review. *See Petty v. Manpower, Inc.*, 591 F.2d 615, 617 (10th Cir. 1979).

Plaintiff argues that the district court abused its discretion in dismissing his action pursuant to Rule 41(b) because he, in fact, complied with the March 27, 2006 and May 4, 2006 Orders by filing his complaint. We agree.[5]

The district court ultimately dismissed plaintiff's action without prejudice for failure to file a formal complaint, as required by the March 27, 2006 and the

---

[5] Defendants did not enter an appearance or file a brief in this matter. They took the position that they were not parties to the action because they were never served with a formal complaint.

12

May 4, 2006 Orders. In particular, the May 4, 2006 Order required plaintiff to file a formal complaint by May 19, 2006. Contrary to the district court's ruling, however, plaintiff *did* submit a formal complaint by the requisite deadline. Plaintiff's complaint was marked as received by the Clerk's Office on May 19, 2006. The complaint asserted identical allegations as contained in plaintiff's motion for a temporary restraining order. It also identified the same defendants – with one additional defendant.

Put simply, plaintiff satisfied the very condition that the district court used to dismiss his action pursuant to Rule 41(b). Accordingly, the May 4, 2006 dismissal was an abuse of discretion. *See* Fed. R. Civ. P. 41(b) (requiring failure to comply with order prior to dismissal); *cf. Olsen*, 333 F.3d at 1204-05 (district court abused discretion in dismissing complaint with prejudice because, although plaintiff was ordered to perfect service under Rule 4(i), responsibility for failing to serve rested with Marshal's Service or district court).

Our conclusion is not meant to criticize the district court, or the assigned magistrate judge, in the handling of plaintiff's inartful pleadings. We praise their patience, and thoroughness, in responding to plaintiff's myriad of motions. It also is clear that the May 4, 2006 Order was born out of confusion. Despite receiving plaintiff's complaint on May 19, 2006, the last day of the 15-day deadline, the Clerk's Office apparently believed that plaintiff intended to commence a new action. The Clerk's Office therefore awaited the magistrate judge's direction,

13

which came on June 5, 2006, to file plaintiff's complaint and to assign it a new civil action number. Plaintiff's first action already had been dismissed by that point.

We also stress that plaintiff was not blameless for the misfiling of his complaint. Plaintiff never placed the correct civil action number on his complaint, nor identified 06-CV-0545 in the body of this document. He also failed to attach a copy of his complaint to either his June 5, 2006 motion to reopen or his June 14, 2006 motion for clarification in 06-CV-0545.

Nonetheless, we hold that plaintiff, a *pro se* litigant, cannot be penalized for failing to anticipate the unintended re-routing of his complaint. This determination is a natural byproduct of the principle that a *pro se* litigant's pleadings are to be construed liberally, under a less stringent standard than those drafted by lawyers. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, the court-issued generic form through which plaintiff presented his complaint stated that the civil action number was "[t]o be supplied by the court." 06-CV-1061, Doc. No. 2 at 1.

We emphasize that plaintiff attempted to bring this filing mistake to the district court's attention on several occasions, both in 06-CV-0545 and in 06-CV-1061. For instance, each of plaintiff's motions to reopen in 06-CV-0545 alerted the district court to the fact that he previously submitted a complaint on May 16, 2006. With even greater vehemence, and clarity, plaintiff argued in his

14

reconsideration motions in 06-CV-1061 that he never intended to file a separate action; indeed, that he submitted the complaint which initiated 06-CV-1061 to comply with the district court's May 4, 2006 Order in 06-CV-0545.[6]

## III. CONCLUSION

We hold that plaintiff satisfied the condition for maintaining his action identified in the March 27, 2006 and May 4, 2006 Orders by filing his complaint within the time frame prescribed by the district court. Thus, we find that the district court abused its discretion in dismissing without prejudice plaintiff's first action, 06-CV-0545, for failure to cure. We **REVERSE** the dismissal of 06-CV-0545, and **REMAND** to the district court for further proceedings. On remand, the district court should direct the Clerk's Office to refile plaintiff's complaint in 06-CV-0545.[7]

---

[6] It would defy logic for plaintiff, a *pro se* prisoner, to pay the filing fee in one action, only then to subject himself to the requirement of paying an additional filing fee (or seeking *in forma pauperis* status) to commence a new civil action involving the same factual predicate as the first action.

[7] We express no view concerning the merits of plaintiff's action. Nor is our decision meant to deter the district court from vigorously performing its screening function under 42 U.S.C. § 1997e(c)(1). In carrying out that function, however, the court will be operating under a different legal framework. In particular, since the district court entered its dismissal order, the Supreme Court decided *Jones v. Bock*, 127 S. Ct. 910 (2007), which held that a plaintiff's failure to exhaust administrative remedies under the PLRA is an affirmative defense that need not be pled. *Id.* at 921-22; *see also Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007) (discussing when district court may raise exhaustion question *sua sponte* and how to proceed once raised, including giving plaintiff opportunity to address issue).

We further **GRANT** plaintiff's request for leave to proceed on appeal without the prepayment of fees under 28 U.S.C. § 1915. Although plaintiff has made partial payments toward the filing fee, we remind plaintiff of his continuing obligation to make such payments until the entire fee has been paid in full. *See* 28 U.S.C. § 1915(b)(1)-(2).

Entered for the Court,

Jerome A. Holmes
Circuit Judge