Rel: October 24, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2025-2026

————————————————

### CL-2025-0656

————————————————

### James and Son Metal Products, Inc., and McCreless Holdings, LLC

### v.

### Renasant Bank

### Appeal from Morgan Circuit Court
### (CV-25-10)

FRIDY, Judge.

James and Son Metal Products, Inc., and McCreless Holdings, LLC ("the business entities"), appeal from a judgment on the pleadings the Morgan Circuit Court ("the trial court") entered in favor of Renasant Bank ("Renasant") in this matter involving a property dispute. For the

reasons set forth herein, we dismiss the appeal with instructions to the trial court to vacate its judgment and dismiss the matter.

Background

On February 4, 2025, James E. Norsworthy, Jr., acting pro se, filed against Renasant an "emergency motion for temporary restraining order and preliminary injunction" seeking to halt a foreclosure sale regarding real property located in Morgan County ("the property"). He did not, however, file a complaint. In the motion, Norsworthy asserted that he had superior ownership rights to the property by means of a tax deed and a quitclaim deed. Norsworthy's motion included a certificate of service indicating that he had served the motion on an attorney by certified mail; the certificate of service did not indicate service on Renasant. On the same day Norsworthy filed his emergency motion, the trial court entered an order requiring Norsworthy to provide proof of ownership of the property.

On February 7, 2025, despite the fact that Norsworthy had not filed a complaint, Renasant -- through the attorney on which Norsworthy had served the motion -- filed what it styled as an "answer" that responded to Norsworthy's motion for injunctive relief. In its filing, Renasant stated

that Norsworthy did not have a deed to the property but, rather, that the business entities were the deed holders. Renasant also, within its filing, purported to assert a third-party complaint against the business entities. In its third-party complaint, Renasant requested judicial redemption and asked the trial court to enter a judgment (1) finding that Renasant was entitled to redeem the property, (2) determining the amount required to be paid to redeem the property, (3) quieting title to the property, and (4) canceling the tax-sale-purchase interest held by the business entities.[1]

On February 10, 2025, Norsworthy submitted two quitclaim deeds to the trial court: one indicating that he had obtained an interest in the property from Kruse Capital, LLC, on April 9, 2019, and another showing that he subsequently had transferred his interest in the property to the business entities on May 14, 2019. Later that same day, the trial court

---

[1]It is not clear to us that the third-party complaint Renasant filed actually constituted a third-party complaint under the Alabama Rules of Civil Procedure. Rule 14, Ala. R. Civ. P., which governs third-party practice, provides that a third-party complaint is appropriate when a defendant seeks to bring into the action a nonparty who the defendant claims is or may be liable to the defendant for all or part of the plaintiff's claims against the defendant. We question whether Renasant's claims against the business entities fit that description, but we need not answer that question because we conclude, infra, that the trial court never had jurisdiction over the matter.

entered an order purporting to dismiss the matter, finding that the property was owned by the business entities and that Norsworthy had no authority to bring an action. The trial court amended its order on February 12, 2025, to clarify that Renasant's third-party complaint against the business entities remained pending.

On February 18, 2025, Norsworthy filed a counterclaim for damages and an objection to the redemption claim on behalf of the business entities. The counterclaim was signed by both Norsworthy and Nick McCreless, who, the filing indicated, was an authorized representative of McCreless Holdings, LLC, but there was nothing on the document that indicated that either man was an attorney. Norsworthy also attached an affidavit asserting that he was the sole owner and representative of the business entities and that he was making the affidavit on behalf of the business entities in support of the objection to Renasant's redemption claim and statement of costs.

On February 19, 2025, Norsworthy filed a motion for clarification on behalf of the business entities in response to one of Renasant's earlier motions. On February 20, 2025, the trial court entered an order declaring that, although Norsworthy had filed a motion on behalf of the business

entities, he did not appear to be an attorney. The trial court explained that the practice of law without a license is not allowed, and it purported to deny the motion. The trial court did not specifically identify the motion it had denied; however, the order appeared to be in response to the motion for clarification.

On February 21, 2025, Norsworthy filed a motion seeking to represent the business entities in his capacities as the sole owner of James and Son Metal Products, Inc., and as the authorized representative of McCreless Holdings, LLC. In response, the trial court entered an order stating that Norsworthy was allowed to represent himself but that it had not found any claims for which Norsworthy had standing. The trial court specified that Norsworthy was not allowed to represent the business entities.

On February 24, 2025, Renasant filed a motion for a judgment on the pleadings, asking the trial court to allow it to redeem the property. On March 6, 2025, the trial court entered a judgment purporting to grant Renasant's motion for a judgment on the pleadings, allowing it to redeem the property as it had requested.

On April 7, 2025, the business entities, through retained counsel, moved to alter, amend, or vacate the judgment, contending, among other things, that, because Norsworthy's unauthorized filings on their behalf had been "implicitly struck," the pleadings had not been closed at the time Renasant filed its motion for a judgment on the pleadings and that, despite the fact that they had been entitled to thirty days to answer the third-party complaint, after they were served with that pleading on February 13, 2025, the trial court had entered its judgment on the pleadings only twenty-one days after service.[2]

The trial court purported to deny the business entities' postjudgment motion. The business entities filed a notice of appeal to the Alabama Supreme Court, which transferred the appeal to this court pursuant to Coprich v. Jones, 406 So. 3d 58 (Ala. 2024), or, alternatively, § 12-2-7(6), Ala. Code 1975.

---

[2]Rule 59(b), Ala. R. Civ. P., provides that a postjudgment motion must be filed no later than thirty days after the entry of the judgment. The thirtieth day following the trial court's entry of the judgment on the pleadings on March 6, 2025, was Saturday, April 5, 2025. Therefore, the business entities' April 7, 2025, postjudgment motion was timely. See Rule 6(a), Ala. R. Civ. P.

## Analysis

Although neither side raises an issue with regard to the trial court's subject-matter jurisdiction, "jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu." Nunn v. Baker, 518 So. 2d 711, 712 (Ala. 1987). Having reviewed the record in this matter, we are compelled to conclude that the trial court lacked jurisdiction because Norsworthy's initial filing -- a motion styled as an "emergency motion for temporary restraining order and preliminary injunction" -- did not commence an action in the trial court.

Rule 3(a), Ala. R. Civ. P., like Rule 3, Fed. R. Civ. P., provides that "[a] civil action is commenced by filing a complaint with the court." Upon filing a complaint, the plaintiff must provide instructions to the clerk for how service of process is to be completed, along with, if requested, copies of the summons to accompany the complaint. Rule 4(a), Ala. R. Civ. P. A motion -- even one requesting injunctive relief -- is not a substitute for a complaint and cannot by itself invoke the trial court's subject-matter jurisdiction. See D.T. v. W.G., 210 So. 3d 1143, 1147-48 (Ala. Civ. App. 2016) (distinguishing motions from pleadings and confirming that only a complaint or petition commences an action); Stewart v. INS, 762 F.2d

7

193, 198-99 (2d Cir. 1985) (holding that a preliminary injunction is available only after an action has been commenced by the filing of a complaint); In re Warrant Authorizing Interception of Oral Commc'ns, 673 F.2d 5, 7 (1st Cir. 1982) ("But since no complaint was ever filed in this case, the court did not have jurisdiction over any ordinary civil action.").

Here, Norsworthy never filed a complaint. Instead, he filed an emergency motion seeking to halt foreclosure. Because Norsworthy never filed a complaint, an action never commenced, and the trial court never obtained subject-matter jurisdiction over the matter. See P.K. Fam. Rest. v. IRS, 535 F. Supp. 1223, 1224 (N.D. Ohio 1982); Zinman v. Simi Valley Police Dep't, No. 2:21-CV-09442-JVS-JC, Dec. 13, 2021 (C.D. Cal. 2021) (not reported in Federal Supplement) (holding that court did not have subject-matter jurisdiction over claim seeking injunctive relief because plaintiff had not filed a complaint in the matter).[3]

---

[3]We disagree with those jurisdictions that have permitted, in exigent circumstances, a trial court to entertain a request for injunctive relief before a party has filed a complaint. See, e.g., Studebaker Corp. v. Gittlin, 360 F.2d 692, 694 (2d Cir. 1966). In our view, the language of Rule 3(a), Ala. R. Civ. P., is straightforward -- an action commences upon the filing of a complaint, not the filing of a motion.

We are not inclined to treat Norsworthy's emergency motion as a complaint. It was styled as a motion, not a complaint, it sought relief as a motion, and it purported to accomplish service not in a manner consistent with Rule 4, Ala. R. Civ. P. -- with all its attendant procedural-due-process requirements for the service of a complaint -- but, instead, as a motion would be served under Rule 5(b), Ala. R. Civ. P., on a party's attorney who had already appeared in an action. See P.K. Fam. Rest., 535 F. Supp. at 1224 (dismissing matter that was initiated by a motion for a temporary restraining order, noting that, because "[a] civil action is commenced with the filing of a complaint," "[a]bsent a complaint, this Court lacks jurisdiction to entertain plaintiff's petition for injunctive relief"); Adair v. England, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) ("A party commences a civil action by filing a complaint. See Fed. R. Civ. P. 3. When no complaint is filed, the court lacks jurisdiction to entertain the plaintiff's petition for injunctive relief."); Shake v. Yes We Are Mad Grp., Inc., 315 So. 3d 1223, 1226 (Fla. Dist. Ct. App. 2021) ("The motion for temporary injunction is not a complaint. The motion was not served on the respondent as a complaint would be required to have been served. The motion is styled as an ex parte request for emergency relief."). But

9

see Studebaker Corp. v. Gittlin, 360 F.2d 692, 694 (2d Cir. 1966) (treating affidavit filed with order to show cause as a complaint but noting that complaint was filed two days later).

Because the trial court did not obtain jurisdiction over the matter from the outset, it lacked jurisdiction over the later-filed documents in the matter, including Renasant's third-party complaint[4] and Norsworthy's counterclaims on behalf of the business entities. See Blevins v. Hillwood Office Ctr. Owners' Ass'n, 51 So. 3d 317, 321-23 (Ala. 2010) (ordering dismissal of action, which included counterclaims, after concluding that plaintiff lacked standing); R.J.R. v. C.J.S., 72 So. 3d 643, 648 (Ala. Civ. App. 2011) ("[B]ecause the mother's petition did not invoke the juvenile court's and the circuit court's jurisdiction, those courts likewise could not have obtained jurisdiction over the father's counterpetition, filed in the same action."). Moreover, because the trial court lacked subject-matter jurisdiction, the orders it entered in the matter, as well as its judgment on the pleadings, are void. See State v. Property at 2018 Rainbow Dr., 740 So. 2d 1025, 1029 (Ala. 1999). Lacking

---

[4]See Rule 14(a), Ala. R. Civ. P. (permitting a defendant to file a third-party complaint "[a]t any time after commencement of the action" (emphasis added)). Here, no action was ever commenced.

subject-matter jurisdiction, the trial court was authorized only to dismiss the matter. See Bernals, Inc. v. Kessler-Greystone, LLC, 70 So. 3d 315, 319 (Ala. 2011).

## Conclusion

Because Norsworthy never filed a complaint, no action was ever commenced below, and, as a result, the trial court lacked subject-matter jurisdiction to proceed with the matter, rendering its final judgment void. Because a void judgment will not support an appeal, see Burkes v. Franklin, 370 So. 3d 235, 241 (Ala. 2022), we dismiss the appeal with instructions to the trial court to vacate its judgment and to dismiss the matter.

APPEAL DISMISSED WITH INSTRUCTIONS.

Moore, P.J., and Edwards, Hanson, and Bowden, JJ., concur.