# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NELSON EDWARD DUSENBERY, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:25-cv-03957 (UNA) |
| DONALD JOHN TRUMP, | ) | |
| Defendant. | ) | |

## Memorandum Opinion

This matter is before the court on its initial review of Plaintiff's affidavit, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court grants Plaintiff's IFP application, and for the reasons below, dismisses this matter without prejudice.

Plaintiff attempts to open a civil matter by filing an affidavit presented as a letter to the Clerk of Court. *See* ECF No. 1. But Plaintiff may not open a civil matter without filing a complaint. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); *In re Sealed Case No. 98-3077*, 151 F.3d 1059, 1069 n.9 (D.C. Cir. 1998) (noting that a civil action "must be initiated by complaint" (citing Fed. R. Civ. P. 3)); *see also Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) (explaining that a "party commences a civil action by filing a complaint" and "[w]hen no complaint is filed, the court lacks jurisdiction to entertain the plaintiff's petition").

Insofar as Plaintiff intended his affidavit to serve as a complaint, it nonetheless fails to comply with Federal Rule of Civil Procedure 8(a), which requires such pleadings to contain "(1) a short and plain statement of the grounds for the court's jurisdiction" and "(2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This

"does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This ensures the defendant has "notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (cleaned up).

Plaintiff's affidavit fails to give minimum notice of any cognizable claim or to establish this court's subject matter jurisdiction. *See* ECF No. 1 at 1. The affidavit references a case that Plaintiff previously filed against the President and alleges that Plaintiff is being "held as a political prisoner because [he] blew the whistle on the largest scandal . . . to hit our country EVER," and the government is "still covering up this truth." *See id.* These vague and conclusory allegations of wrongdoing are insufficient to provide "notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (cleaned up). In addition, they are also largely frivolous, and the court cannot exercise subject matter jurisdiction over a frivolous complaint. *See Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904))).

For the reasons above, this matter is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date:   April 16, 2026                     /s/_____
                                                AMIR H. ALI
                                        *United States District Judge*