**Thomas Wade MARSH, Jr., Plaintiff,**

v.

**Michael Wayne JACKSON, Defendant.**

**Civ. A. No. 91–0016–C.**

United States District Court,
W.D. Virginia,
Charlottesville Division.

Feb. 27, 1992.

Bruce D. Rasmussen, Charlottesville, Va., for plaintiff.

John W. Zunka, Taylor & Zunka, Charlottesville, Va., for defendant.

## MEMORANDUM OPINION

CRIGLER, United States Magistrate Judge.

This action is before the court under authority of 28 U.S.C. § 636(b)(1)(A) to resolve the questions raised by plaintiff's motion to quash two subpoenas *duces tecum* issued by counsel for defendant to two separate experts pursuant to Fed.R.Civ.P. 45. The subpoenas were issued after the effective date of the amendments to Rule 45, and they seek the production by the non-party experts of their entire files related to the plaintiff. By agreement of counsel, the matter telephonically was heard on February 25, 1992.

While recognizing that Rule 45 no longer requires the issuance of deposition subpoenas as a basis for subpoenas *duces tecum,* plaintiff believes that the issuance of these subpoenas are improper. In his view, the new Rule 45 method of issuing subpoenas for the production of documents or things conflicts with what he perceives to be the requirements set forth in Fed.R.Civ.P. 26(b)(4) which, he argues, governs the gathering of facts and opinions held by nonparty experts retained to provide testimony for a party in the trial of the case. He also suggests that if the provisions of Rule 26(b)(4) can be circumvented in this way, the entire purpose of Rule 26 will be frustrated. In essence, he claims that to allow the issuance of subpoenas of this nature to retained experts would remove any brake on the runaway use of these instruments that the spirit and letter of the general provisions of the Rule heretofore had recognized. *See, e.g., Bowers v. Buchanan,* 110 F.R.D. 405 (S.D.W.Va.1986), a case decided under former Rule 45.[1]

---

1. The plaintiff concedes that the amendments to Rule 45 clearly overrule the previous decisional authority limiting the use of subpoenas *duces tecum* without an accompanying deposition sub-

Defendant disagrees that the provisions of Rule 26(b)(4) limit his ability to secure, under amended Rule 45, the information he seeks, and which he asserts is needed to prepare his case. He believes that new Rule 45 permits the procedure employed in this case so that in a cost-efficient, less time consuming way, he can obtain factual information that will allow him an opportunity to decide whether further discovery of these experts even will be necessary. Essentially, he argues that Rule 26 does not impose limitations on his right to obtain, by a bare subpoena *duces tecum,* the records of any non-party, though he concedes his obligation to reimburse for the costs of same and confesses that the court retains authority to quash or modify the subpoena if the circumstances warrant.

This is a case of first impression for the court in view of the recent amendments to the Federal Rules of Civil Procedure which became effective December 1, 1991. The court notes that the issue drawn by the parties is not whether, under general circumstances, a party may issue a subpoena *duces tecum* to a non-party for the production of documents or other things without the concurrent issuance of a deposition subpoena, as had been the practice in this District prior to the amendment of the Rules. Such "naked" subpoenas *duces tecum* clearly may issue against a non-party who are not experts retained for trial. Rather, the issue is more precise, and it calls on the court to answer the question of whether Rule 26(b)(4) remains a limitation on the right of a party to discover facts and opinions, here in the form of entire files, of experts who have been retained to testify on behalf of an opposing party.[2] For the reasons that follow, the court concludes that Rule 26(b)(4) remains a limitation on the right of access by an opposing party to the evidence of experts who have been retained to testify in the case, and that the

discovery of the facts and opinions of those experts cannot obtain solely under Rule 45 where, as here, a bare subpoena *duces tecum* has issued for the experts' files.

There is no question that the amendments to Rule 45 changed the practice of issuing subpoenas *duces tecum* that heretofore had existed in this and in many other districts nationwide. As the comments to the 1991 amendments to the Rules reflect, the purposes of the changes were "(1) to clarify and enlarge the protection afforded persons who are required to assist the court by giving information or evidence; (2) to facilitate access outside the deposition procedure provided by Rule 30 to documents and other information in the possession of persons who are not parties; (3) to facilitate service of subpoenas for the depositions *or* productions of evidence at places distant from the district in which an action is proceeding ...; (5) to clarify the organization of the text of the rule." Rule 45, 1991 Amendment, Purpose of Revision, advisory committee notes (emphasis added).

Without delving into the minutia of the Rule that may not be pertinent to this case, suffice it to say that Rule 45(c)(3) requires the court to quash or modify a subpoena issued under the Rule's provisions where certain specified circumstances present themselves. The court observes that these circumstances are consistent with those generally recognized in the decisional authorities as requiring intervention of the court upon motion of an affected party or non-party. Omitted from the text of the Rule, however, are the precise circumstances before the court for the Rule squarely addresses only subpoenas issues to "unretained" experts, not retained expert. As the court has discerned from the revisor's comments, there is a reason for that.

The comments state that "[C]lause (c)(3)(B)(ii) provides appropriate protection

---

poena for all subpoena targets who are not experts. He does not concede that Rule 45 changed the procedure for securing information from Rule 26(b)(4) experts.

**2.** While defendant wishes the court to find that at least one of the subpoena targets, Mr. Melberg, has consulted with the plaintiff on a suffi-

cient number of occasions to place him in the treating professional category, the court need not engage in such fact finding in this case. Irrespective of the number of times this man might have seen plaintiff and his family, he was retained to be part of the plaintiff's case at trial.

for the intellectual property of the non-party witness; it does not apply to the expert retained by a party, whose information is subject to the provisions of Rule 26(b)(4)." Rule 45, 1991 Amendment, Subsection (c) advisory committee notes. As indicated, Rule 26(b)(4) and, concurrently, Rule 30, traditionally have been seen as limitations on the methods by which information may be discovered from experts retained by a party. None of the methods of discovery allowed under Rules 26(b)(4) and 30 permit the use of bare Rule 45 subpoenas *duces tecum*. Instead, they operate as a control, or brake if you will, on the potential runaway use of the subpoena *duces tecum* to compel the production of the evidence of experts retained by a party to testify at trial. These methods are tried and true. They both are simple and provide protection for the parties and witnesses. They contemplate gathering information first from the party *viz* Rule 26(b). In the event a party wishes to deal directly with the opponent's expert, Rule 30 permits the use of a deposition. In conjunction with that deposition, the expert might be served also with a Rule 45 subpoena *duces tecum* requiring him to product a designated list of materials or things. The most important attribute of these discovery methods is that they protect the interests of the expert and the party retaining him in the work that he has produced, while also providing access to the opposing party, though such access might not be as inexpensive as the opponent might desire.

While the court is sympathetic to defendant's argument in this case that much expense and potentially some time might be saved by permitting discovery under Rule 45 of the experts here in question, it seems to the court that the drafters of the Rules could have accounted for that if it had been their intention to do so. The court declines to construe the Rules in a manner that would rewrite them, either by adding to or taking away from one or the other.

An order will enter granting the plaintiff's motion to quash the subpoenas *duces tecum* issued to Dr. O'Shanick and Mr. Melberg.