Margaret THOMAS, Plaintiff,

v.

MARINA ASSOCIATES, d/b/a Harrah's Casino Hotel, Atlantic City, Defendant.

No. 00–CV–709.

United States District Court, E.D. Pennsylvania.

May 8, 2001.

Allen L. Feingold, A. L. Feingold Associates, Philadelphia, PA, for plaintiff.

Martin A. Durkin, Jr., Diana Lynn Moro, Durkin & Associates, Philadelphia, PA, Francis T. McDevitt, Naulty, Scaricamazza & McDevitt, Marlton, NJ, for defendant.

## MEMORANDUM AND ORDER

TUCKER, District Judge.

Defendant Marina Associates has filed a Motion to Quash Subpoenas Issued to the Records Custodian of Dr. Todd Lipschultz and the Designated Officer and Records Custodian of the Orthopedic Wellness Center. Dr. Lipschultz is a medical expert retained by defendant in this action. Defendant points out that subpoenas issued under Federal Rule of Civil Procedure 45 may not be used to circumvent the limitations on expert discovery set forth in Fed.R.Civ.P. 26, citing *Marsh v. Jackson*, 141 F.R.D. 431, 432 (W.D.Va.1992). As the *Marsh* court noted, even though the explicit wording of Rule 45 would suggest that all subpoenas fall within its ambit, the Advisory Committee notes to Rule 45 make it clear that the drafters intended that Rule 26 would still govern depositions and accompanying subpoenas duces tecum issued to experts retained by the parties. The *Marsh* court concluded that "Rule 26(b)(4) remains a limitation on the right of access by an opposing party to the evidence of experts who have been retained to testify in the case, and . . . the discovery of the facts and opinions of those experts cannot obtain solely under Rule 45 where . . . a bare subpoena duces tecum has issued for the expert's files [unaccompanied by a Rule 30 deposition.]"

As was noted by a court in this circuit last year, the holding in *Marsh* has already been acknowledged and followed by several other courts, see *Smith v. Transducer Technology, Inc. Endevco Corp.*, 2000 WL 1717332, *2 (D.V.I. July 3, 2000) (Resnick, Magistrate J.). It is not clear, however, whether the holding in *Marsh* applies to situations such as that in the instant case. The subpoenas which defendant seeks to quash (which are attached to defendant's motion) do not seek information relating to one of the parties in this case; rather, plaintiff is attempting to uncover information about other cases in which Dr. Lipschultz has served as a defense medical expert. In addition, the subpoenas were not issued to defendant's expert himself, but rather to his custodian of records. In the *Marsh* line of cases, the person subpoenaed was generally the expert him— or herself, and the information sought pertained directly to one of the parties in the case. See, e.g., *Marsh*, 141 F.R.D. at 431. The requirement that a subpoena duces tecum to a retained expert accompany or postdate a Rule 30 deposition may not apply in the case of a request for documents unrelated to a party, and addressed to the expert's records custodian.

 The Court need not decide this issue, however, because defendant does not have standing to challenge these subpoenas. "Generally speaking, a party does not have standing to quash a subpoena served on a third party. *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D.Colo.1997). An exception is made, however, where, as here, the party seeks to quash based on claims of privilege relating to the documents being sought. *Id.*" *Johnson v. Gmeinder*, 191 F.R.D. 638, 640 n. 2 (D.Kan.2000).[1] Defendant does not have an interest or a claim of privilege relating to the documents sought here, because by the terms of the subpoena, plaintiff is seeking information about persons other than the defendant itself. None of the people about whom plaintiff requests information is a defendant in this case, or in privity with defendant.

 The court in the *Marsh* line of cases did not address the standing of the party seeking to quash the subpoenas, but in those cases it was unnecessary to do so, because the information sought related to the party seeking to quash the subpoena, see *Marsh*, 141 F.R.D. at 431, or was protected by a privilege held by the party seeking to quash the subpoena, see *Ambrose v. Southworth Products Corp.*, 1997 WL 470359, *1 (W.D.Va. June 24, 1997) (Michael, S.J.) (attorney—client privilege). Thus, the party

---

1. See also *United States v. Tomison*, 969 F.Supp. 587, 596 (E.D.Cal.1997), (citing *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir.1982) and *Ponsford v. United States*, 771 F.2d 1305, 1308 (9th Cir.1985)); *Chiperas v. Rubin*, 1998 WL 765126, *2 (D.D.C. Nov.3, 1998) (Facciola, J.) (citations omitted).

seeking to quash the subpoenas in those cases had standing to move to quash. Here, by contrast, defendant cannot claim any privilege or interest in the documents sought, and therefore defendant lacks standing to challenge these subpoenas.[2]

AND NOW, this 7th day of May, 2001, upon consideration of Defendant's Motion to Quash Subpoenas Issued to the Records Custodian of Dr. Todd Lipschultz and the Designated Officer and Records Custodian of the Orthopedic Wellness Center (Doc. # 32), for the reasons set forth above, Defendant's Motion is DENIED.

---

**2.** Defendant would have standing to move for a protective order "where the subpoena was in violation of case management orders issued under Fed.R.Civ.P. 16 and 26," *Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 562 n. 3 (S.D.Cal.1999), *citing Marvin Lumber and Cedar Co. v. PPG Industries, Inc.*, 177 F.R.D. 443, 445 (D.Minn.1997), but that is something entirely different. Here, defendant has moved only to quash plaintiff' subpoenas.