Carl R. GREENE, Plaintiff,

v.

PHILADELPHIA HOUSING AUTHORITY, Michael P. Kelly, Estelle Richman, Defendants.

No. 11–MC–60.

United States District Court, E.D. Pennsylvania.

May 11, 2011.

Clifford E. Haines, Haines & Associates, Philadelphia, PA, for Plaintiff.

Barry Gross, Esq., Drinker Biddle & Reath LLP, Philadelphia, PA, for Defendants.

### *EXPLANATION*

ANITA B. BRODY, District Judge.

On December 10, 2010, the United States Department of Housing and Urban

Development ("HUD") issued a subpoena duces tecum (the "HUD subpoena," attached as Exhibit A) to the Philadelphia Housing Authority ("PHA").[1] The HUD subpoena requested unredacted invoices for certain legal expenses incurred by PHA between 2007 and 2010, in order to investigate whether Plaintiff Carl R. Greene ("Greene"), the former Executive Director of PHA, "authorized payment of legal fees by the PHA for his personal legal services." HUD Statement of Interest, ECF No. 7, at 2.

On March 4, 2011, PHA and HUD entered into a "Cooperative Endeavor Agreement" as a result of PHA's default on its obligations to HUD. Under the Cooperative Endeavor Agreement, HUD appointed Estelle Richman ("Richman"), HUD's Chief Operating Officer, to serve as the sole member of PHA's Board of Commissioners. By this point, HUD had also appointed Michael P. Kelly ("Kelly") to serve as an administrative receiver and as PHA's interim Executive Director. On March 24, 2011, Richman directed Kelly to release to HUD unredacted invoices for any legal services paid for by PHA from 2005 to the present. (Richman's directive is attached as Exhibit B.)

On April 4, 2011, in response to Richman's directive, Greene filed a motion for a Temporary Restraining Order and Preliminary Injunction against PHA, Kelly, and Richman (the "Defendants"). (ECF No. 1). Greene moves to enjoin Defendants from producing unredacted legal invoices (the "legal invoices") that might include notes from Greene's meetings with counsel that took place during his tenure as Executive Director. Defendants oppose Greene's motion. (ECF No. 8). HUD has filed a separate Statement of Interest opposing the motion. (ECF No. 7). Greene has replied. (ECF No. 10). Greene argues that the production of the legal invoices concerning those meetings might include documents subject to his attorney-client privilege.

On April 5, 2011, I held a hearing on Greene's motion. At the hearing, the parties agreed on the record to a Standstill Order, under which PHA would refrain from producing the legal invoices while Greene's motion remains pending with this Court. After two conversations with counsel, Greene now agrees that certain invoices subject to the HUD subpoena can be released. Because I have jurisdiction to consider whether to quash or modify the HUD subpoena, I will rule that PHA may release certain legal invoices identified in the HUD subpoena. Additionally, PHA must review the remaining legal invoices identified in the HUD subpoena to determine whether the legal invoices contain any information that might be privileged.

## I. Subject Matter Jurisdiction over Greene's Motion

■ Although neither Defendants nor HUD directly questions my jurisdiction, a court must determine that it has jurisdiction before it can consider the merits of a motion. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006). Greene's claims against the Defendants as set forth in his motion fail to raise a federal question over which this court has subject matter jurisdiction.

■ First, Greene's motion was not accompanied by a Complaint or any other Pleading setting forth a proper basis for jurisdiction. Rule 3 of the Federal Rules of Civil Procedure states that "[a] civil action is commenced by filing a complaint

---

1. The subpoena was issued by the HUD Office of the Inspector General ("OIG"). The OIG derives its subpoena power from 5 U.S.C.App. 3 § 6(a)(4).

with the court." Fed.R.Civ.P. 3. In the absence of a complaint requesting particular relief, and setting out the basis for jurisdiction, the Court lacks the jurisdiction to grant either a temporary restraining order ("TRO") or a preliminary injunction. *See Powell v. Rios*, 241 Fed.Appx. 500, 505 n. 4 (10th Cir.2007) ("[O]nly a properly-filed 'complaint' can commence a civil action. Absent a properly-filed complaint, a court lacks power to issue preliminary injunctive relief." (citations omitted)); *Stewart v. INS*, 762 F.2d 193, 198–99 (2d Cir.1985); *In re Warrant Authorizing the Interception of Oral Commc'ns*, 673 F.2d 5, 7 (1st Cir.1982); *Gometz v. Knox*, No. 07–cv–1734, 2007 WL 2986165, at *1 (D.Colo. Oct. 9, 2007); *Adair v. Eng.*, 193 F.Supp.2d 196, 200 (D.D.C.2002).

▪ Second, although Greene attaches a proposed Complaint to his Reply brief, the Complaint fails to properly invoke federal subject matter jurisdiction. Greene claims that federal question jurisdiction exists over his motion pursuant to 28 U.S.C. § 1331 because the motion "involves the question of whether a federally-appointed one-woman Board of Commissioners can force a waiver of the attorney client privilege on behalf of a former officer of the state agency over which she now has control." Pl.'s Reply at 3. In other words, Greene claims that a federal question exists because Richman, who has been appointed to take the place of the PHA Board of Commissioners, is also the Chief Operating Officer of a federal agency. Because Richman is a HUD employee, Greene argues that PHA is acting as an " 'agency' or 'official' of the United States," thus giving rise to a federal question. *Staten v. Hous. Auth. of Pittsburgh*, 638 F.2d 599, 603 (3d Cir.1980). Richman's position

at HUD, however, does not transform the actions of this local housing authority into the actions of a federal agency sufficient to raise a federal question.

A local housing authority is not an " 'agency' or 'official' of the United States" merely because it received "a great deal of [federal] funding." *Id.* Similarly, a housing authority does not necessarily become a federal agency or official when HUD takes possession of and appoints a HUD employee to oversee the authority. Indeed, 42 U.S.C. § 1437d(j)(3)(H) specifically provides that HUD personnel appointed to run a housing authority are not operating on HUD's behalf, but are operating exclusively on behalf of the local housing authority:

> If the [HUD] Secretary (or an administrative receiver appointed by the [HUD] Secretary) takes possession of a public housing agency ... the [HUD] Secretary or receiver shall be deemed to be acting not in the official capacity of that person or entity, but rather in the capacity of the public housing agency, and any liability incurred ... shall be the liability of the public housing agency.

*Id.*

The HUD Secretary appointed Richman to PHA's Board of Commissioners after PHA and HUD signed the Cooperative Endeavor Agreement according to which HUD took possession of PHA. *See generally* 42 U.S.C. § 1437d(j)(3)(A) (describing the HUD Secretary's authority to take possession of a local housing authority, or to appoint a receiver to manage a local housing authority). Having been appointed by the HUD Secretary, Richman fits clearly within the scope of § 1437d(j)(3)(H).[2] Section 1437d(j)(3)(H)

---

**2.** Although the statute only specifies that it applies to the HUD Secretary and any administrative receiver appointed by the HUD Secretary, it clearly also applies to Richman.

Richman's appointment to PHA's Board of Commissioners was a part of HUD's takeover of PHA. In her capacity as PHA's "federally-

makes clear that although Richman remains HUD's Chief Operating Officer, she was not acting as a HUD official when was she directed PHA to produce documents to PHA. Rather, this action was undertaken strictly in Richman's capacity as a member of PHA's Board of Commissioners. For purposes of Greene's motion, neither PHA nor Richman were acting as a federal agency or official over which this Court would have subject matter jurisdiction simply by virtue of Richman's position at HUD. Greene's Complaint, as filed, thus fails to provide a proper basis for subject matter jurisdiction over his claims against the Defendants.

## II. Subject Matter Jurisdiction Over the HUD subpoena

■ Although Greene failed to carry his burden of demonstrating subject matter jurisdiction for the injunctive relief that he seeks against PHA, Richman, and Kelly, I do have subject matter jurisdiction to consider his claims as they relate to the HUD subpoena.[3]

The HUD subpoena is an administrative subpoena issued by the HUD Office of the Inspector General, pursuant to the Inspector General Act, 5 U.S.C.App. 3 § 6(a)(4). The Inspector General Act specifically provides that subpoenas issued pursuant to the Act are "enforceable by order of any appropriate United States district court." *Id.* I thus have jurisdiction to decide whether to quash the HUD subpoena. *See Territorial Ct. of V.I. v. Richards*, 847 F.2d 108, 109 (3d Cir.1988) (holding that a district court had jurisdiction to consider a motion to quash an administrative subpoena); *cf. Amato v. United States*, 450 F.3d 46, 47 (1st Cir.2006) (discussing a free-standing motion to quash an administrative subpoena).

■ "Generally speaking, a party does not have standing to quash a subpoena served on a third party. An exception is made, however, where, as here, the party seeks to quash based on claims of privilege relating to the documents being sought." *Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434 (E.D.Pa.2001) (quoting *Johnson v. Gmeinder*, 191 F.R.D. 638, 640 n. 2 (D.Kan.2000)) (internal quotation marks and citations omitted). Although Greene was not the target of the subpoena, he claims that the subpoena "improperly calls for records protected by the attorney-client or work-product privileges." *NLRB v. Interbake Foods, LLC*, 637 F.3d 492, 499 (4th Cir.2011) (citing *Dir., Office of Thrift Supervision v. Vinson & Elkins, LLP*, 124 F.3d 1304, 1306–07 (D.C.Cir.1997)); *see also Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, 512, 63 S.Ct. 339, 87 L.Ed. 424 (1943). Greene thus has standing to

---

appointed one-woman Board of Commissioners," Pl.'s Reply at 3, Richman is an agent of the HUD Secretary, and fits within the ambit of the statute for that reason. Moreover, the clear purpose of the section is to separate the actions undertaken while managing a troubled housing authority from official HUD actions, and to prevent the authority's actions from being attributed to HUD. *See Smith v. V.I. Hous. Auth.*, No. 09–cv–11, 2011 WL 285858, at *5 n. 7 (D.Vi. Jan. 28, 2011) (discussing the legislative purpose behind § 1437d(j)(3)(H)). That purpose would be contravened here if Richman's actions in her capacity as a member of PHA's Board were attributed to HUD.

3. In considering whether a court has subject matter jurisdiction over a claim, the court must "construe the complaint in the light most favorable to [the plaintiff]." *Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir.2009) (citation omitted). Although Greene's Complaint was not directly targeted at the subpoena, his Complaint can be fairly read, at least in part, as a motion to quash the HUD subpoena. Courts have, on occasion, considered free standing motions to quash subpoenas. *Cf. Martin v. Neil*, No. 08–cv–1311, 2009 WL 1161009, at *1 n. 2 (E.D.N.Y. Apr. 28, 2009).

move to quash the HUD subpoena, pursuant to Federal Rule of Civil Procedure 45.[4]

At this time, Greene has agreed on the record that PHA may release to HUD those legal invoices identified in the HUD subpoena from law firms that have stated that they only represented Greene in his official capacity. PHA must review the remaining legal invoices identified in the HUD subpoena and bring to my attention any that may contain privileged information.

## III. Conclusion

In conclusion, I will frame Greene's case as a motion to quash, and will permit the disclosure of some of the legal invoices, while reserving decision as to others.[5]

### *ORDER*

**AND NOW,** this 11th day of May, 2011, as read into the record on May 10, 2011, it is **ORDERED** that:

- PHA may **RELEASE** all Fox Rothschild, LLP, legal invoices referenced in the HUD subpoena;

- PHA may **RELEASE** all Schnader Harrison Segal & Lewis, LLP, legal invoices referenced in the HUD subpoena;

- PHA may **RELEASE** all Duane Morris, LLP, legal invoices referenced in the HUD subpoena, except for those invoices related to the five cases listed in their May 4, 2011 letter (attached as Exhibit C);

- PHA shall **REVIEW** all Duane Morris, LLP, legal invoices referenced in the HUD subpoena related to the five cases listed in the attached letter and **IDENTIFY** to the Court those that may be privileged;

- PHA shall **REVIEW** all Flaster Greenberg, PC, legal invoices referenced in the HUD subpoena and **IDENTIFY** to the Court those that may be privileged;

- PHA shall **REVIEW** all Ballard Spahr, LLP, legal invoices referenced in the HUD subpoena and **IDENTIFY** to the Court those that may be privileged;

- PHA shall **REVIEW** all Wolf Block Schorr & Solis–Cohen, LLP, legal invoices referenced in the HUD subpoena and **IDENTIFY** to the Court those that may be privileged;

- PHA shall complete its review by **Friday, May 27, 2011.**

**4.** Although the 1937 Advisory Committee Note to Rule 45 suggests that the Rule may not be applicable to subpoenas issued by administrative agencies, Rule 81(a)(5) provides that the Federal Rules of Civil Procedure "apply to proceedings to compel testimony or the production of documents through a subpoena issued by a United States officer or agency under a federal statute, except as otherwise provided by statute, by local rule, or by court order in the proceedings." Fed.R.Civ.P. 81(a)(5). The 1946 Advisory Committee Note to Rule 81 also states that Rule 81(a)(5) "is drawn so as to permit application of any of the rules in the proceedings whenever the district court deems them helpful." Fed. R.Civ.P. 81 advisory committee's note.

**5.** I will reserve judgment as to whether I can exercise supplemental jurisdiction over Greene's claims relating to other documents that PHA intends to produce to HUD that were not specifically requested in the HUD subpoena. I also reserve decision as to whether HUD should be joined in this action.

588

## Exhibit A

### Subpoena Duces Tecum

TO: Custodian of Records
Philadelphia Housing Authority
Attn:  Mr. Michael Kelly
12 South 23rd Street, 6th Floor
Philadelphia, PA 19103

Whereas Section 4(a) of the Inspector General Act of 1978 as amended (the Act), 5 U.S.C. App. 3, requires the Inspector General of the Department of Housing and Urban Development (the Department) to provide policy direction and to conduct, supervise, and coordinate audits, investigations, and other activities for the purpose of promoting economy and efficiency in the administration of the programs and operations of the Department and preventing and detecting fraud and abuse in such programs; and

Whereas the Inspector General of the Department is authorized by Section 6(a)(4) of the Act to require by subpoena the production of all information, documents, reports, answers, records, accounts, papers, and other data and documentary evidence necessary in the performance of the functions and responsibilities assigned by the Act; and

Whereas the Inspector General of the Department has information which indicates that you may have information relevant or material to an ongoing audit survey; and

Whereas the information is necessary for the Inspector General of the Department to perform his statutory duties;

Therefore, YOU ARE HEREBY COMMANDED to produce and make available, on or before December 23, 2010 to:

Ronald J. Hall
Office of Inspector General
United States Department of Housing and Urban Development
Wanamaker Building
100 Penn Square East, Suite 10205.
Philadelphia, PA 19107
Telephone: (215) 430-6744

the documents listed below.

Instructions

1.    This subpoena seeks originals of all documents. However, legible, true and complete copies of the originals will be accepted in place of originals, provided that you make the original records available for inspection by employees of the Office of Inspector General, upon request, during normal business hours.

2.    The terms "documents" and "records" as used in this subpoena include all data, documentary evidence, and information, whether in paper form or stored on audiotape, videotape, computer, electronic, magnetic, or other media.

3.    If you maintain that any document sought by this subpoena is protected from production by a legally recognized claim of privilege or otherwise, furnish a written statement identifying the document by date, author, addressee, each recipient, subject, and number of pages, and detailing the reason(s) for withholding the document with sufficient specificity to enable a court of law to determine the validity of your claim.

Document Demand

> YOU ARE HEREBY REQUIRED TO PRODUCE the following records of the Philadelphia Housing Authority (hereinafter "Authority"), for the period from April 1, 2007 through August 31, 2010:

1. Invoices and documentation supporting the Authority's payments to the vendors in the amounts and on the dates listed below:

| Vendor ID | Vendor Name | Payment Date | Payment Amount |
|---|---|---|---|
| 0000004322 | Duane Morris, LLP | 3/8/2010 | $ 333,452.47 |
| 0000004322 | Duane Morris, LLP | 11/23/2009 | $ 193,205.53 |
| 0000004322 | Duane Morris, LLP | 5/21/2007 | $ 120,939.56 |
| 0000007143 | Fox Rothschild, LLP | 3/17/2010 | $ 105,621.97 |
| 0000007143 | Fox Rothschild, LLP | 12/23/2009 | $ 230,947.39 |
| 0000007143 | Fox Rothschild, LLP | 9/19/2008 | $ 129,771.52 |
| 0000007143 | Fox Rothschild, LLP | 9/7/2007 | $ 183,888.38 |
| 0000008191 | Ballard Spahr, LLP | 3/9/2010 | $ 180,937.49 |
| 0000008191 | Ballard Spahr, LLP | 12/21/2009 | $ 327,792.00 |
| 0000008191 | Ballard Spahr, LLP | 12/24/2007 | $ 360,542.72 |
| 0000095339 | Wolf Block Schorr & Solis-Cohen, LLP | 1/27/2009 | $ 363,401.63 |
| 0000095339 | Wolf Block Schorr & Solis-Cohen, LLP | 1/31/2008 | $ 450,587.87 |
| 0000095339 | Wolf Block Schorr & Solis-Cohen, LLP | 5/29/2007 | $ 468,971.69 |
| 0000999528 | Schnader Harrison Segal & Lewis,, LLP | 11/24/2008 | $ 164,691.27 |
| 0000999528 | Schnader Harrison Segal & Lewis,, LLP | 3/12/2010 | $ 104,820.94 |
| 0001002942 | Flaster Greenberg, PC | 5/23/2008 | $ 124,474.41 |
| 0001002942 | Flaster Greenberg, PC | 12/21/2007 | $ 124,000.84 |

2. Automated download of the Authority's
   - General ledger,
   - Contract register, and
   - Accounts payable records;

3. Any charts showing the Authority's accounts;

4. Documents listing any settlements of claims or lawsuits against the Authority;

5. Documents describing settlements of claims or lawsuits against the Authority;

The Office of Inspector General also hereby demands access to the Authority's

- Computer system (with read only access to the databases identified below)
  - General ledger,
  - Contracts register/data base,
  - Accounts payable records, and
  - Disbursements registers.

- Contract files,
- Paid invoice files, and
- Bank statements, canceled checks, and bank reconciliations.

Issued December 10, 2010 under the authority of Section 6(a)(4) of the Inspector General Act of 1978, as amended, 5 U.S.C. App. 3.

John P. Buck
Regional Inspector General for Audit
Office of Inspector General
U.S. Department of Housing and
Urban Development

WARNING: Section 6(a)(4) of the Inspector General Act of 1978, as amended, provides that this subpoena shall be enforceable, in the case of contumacy or refusal to obey, by order of any appropriate United States district court.
C-101209sa_rkj1

Exhibit B

## U. S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

### OFFICE OF THE REGIONAL DIRECTOR

The Wanamaker Building
100 Penn Square East
Philadelphia, PA 19107-3380

Telephone: 215-656-0600
Fax: 215-656-3445
Http://www.hud.gov

Date: 3/25/11

To: Michael P. Kelly

Fax No: 215 684 4163

From: Anthony Round

Comments:

Total number of pages including cover sheet: 2

 **Philadelphia Housing Authority**
Building Beyond Expectations

12 SOUTH 23RD STREET    215 684 4000
PHILADELPHIA, PA 19103    www.PHA.PHILA.GOV

MEMORANDUM FOR:   Michael Kelly, Administrative Receiver

FROM:   *Estelle B. Richman*
Estelle B. Richman, Board of Commissioners

SUBJECT:   Invoices for Legal Services provided to the Philadelphia Housing Authority

DATE:   March 24, 2011

Through the authority provided me in the Cooperative Endeavor Agreement and the delegation of authority from Deputy Secretary Sims, I am providing you, as Administrative Receiver, the following direction regarding the submission of billing statements for legal services provided to the PHA. The time frame for the submission of such invoices is from 2005 to the present.

For purposes of this directive, litigation services include civil, administrative, labor disputes, personnel disputes, settlements of any type of litigation and all other litigation matters. You shall provide to the Department of Housing and Urban Development, including its Office of Inspector General and its auditing contractor, complete and un-redacted invoices for any litigation services performed on behalf of the PHA with respect to matters concluded by settlement, determination of relevant presiding authority or otherwise concluded. Second, you shall provide invoices for all legal transactional services provided to the PHA which have been completed. These invoices must be complete and un-redacted. Third, for any other type of legal service performed for the PHA not included in the litigation or transactional category which has been completed, you shall provide complete and un-redacted legal invoices.

With regard to pending litigation, you are permitted to redact only the names of witnesses, a description of litigation strategy which would undermine the conduct of the litigation and the name of employees subject to adverse personnel actions. In every other respect, these invoices must be complete and un-redacted. Finally, with regard to on-going transactions and other legal services being provided to PHA, you are directed to submit complete and un-redacted invoices. However, if, in a rare circumstance PHA's General Counsel or Acting General Counsel has reviewed the invoices and in her independent judgment has determined that there are matters subject to attorney client privilege which specific to the legal invoice at issue would have a material, detrimental financial impact on PHA, she should contact the HUD Regional Counsel to discuss and agree on the manner and extent of a redaction.

## Exhibit C

MAY 05 2011

DuaneMorris™

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
LOS ANGELES
CHICAGO
HOUSTON
HANOI
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BALTIMORE
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
BOCA RATON
WILMINGTON
CHERRY HILL
PRINCETON
LAKE TAHOE
HO CHI MINH CITY

LEWIS R OLSHIN
DIRECT DIAL: 215.979.1129
PERSONAL FAX: 215 689.3622
E-MAIL: Olshin@duanemorris.com

www.duanemorris.com

May 4, 2011

### VIA ELECTRONIC MAIL AND FIRST CLASS MAIL

Clifford E. Haines, Esquire
Haines & Associates
1835 Market Street
Suite 2420
Philadelphia, PA 19103

        RE:    Greene v. Philadelphia Housing Authority, et al., Misc. 11-00060, E. D. Pa.

Dear Mr. Haines:

        We are in receipt of your letter dated April 29, 2011 addressed to our Chairman John J. Soroko, Esquire. The firm through our General Counsel has asked me to respond to your letter. Please direct any further communications on this matter to me, as I am counsel to the firm on this matter.

        You have asked us to provide information regarding whether the firm has ever represented Mr. Carl R. Greene in his individual capacity. For the purpose of our response we have reviewed to the extent possible our billing records for PHA during the period 2004 through the present.

        Based upon our review, we have identified five (5) litigation matters, all dealing with suits brought by tenants and/or Section 8 landlords of PHA housing where the firm, based on the allegations of the complaint, represented Mr. Greene in both his official and individual capacities. Subject to the specific allegations of each complaint, the five (5) litigation matters generally allege civil rights claims pursuant to 42 U.S.C. §§ 1983-1998, violations of the Section 8 Housing Program (42 U.S.C. §1437; 24 C.F.R. Part 982); breach of landlord and/or tenant contracts; and pendant state tort claims. The five (5) cases are as follows:

*Wisdom v. PHA, et al.*, Civ. No. 05-2196 (E.D. Pa.) (civil rights suit) (DM# D9479-00027, closed March 25, 2008)

Clifford E. Haines, Esquire
May 4, 2011
Page 2

**DuaneMorris**

*Mashkovich v. PHA, et al.*, Civ. No. 05-2512 (E.D. Pa.) (civil rights suit) (DM# D9479-00028, closed July 19, 2007)

*Stewart v. Greene, et al.*, Civ. No. 05-4412 (E.D. Pa.) (civil rights suit) (DM# D9479-00032, closed March 25, 2010)

*Brown v. PHA, et al.*, Civ. No. 06-1495 (E.D. Pa.) (Section 8 voucher/civil rights suit) (DM# D9479-00035, closed March 27, 2007)

*Keys v. PHA, et al.*, Civ. No. 06-1532 (E.D. Pa.) (Section 8 voucher/civil rights suit) (DM# D9479-00036, closed March 25, 2010)

To further clarify, in each case, the firm entered its appearance on behalf of PHA and the individually named defendants who were employees of PHA (including Mr. Greene), and filed motions to have the claims against the individual defendants dismissed in both their official and individual capacities. In general, the firm sought dismissal on the following grounds: qualified and governmental immunity, failure to allege the personal involvement of the individual defendants, and that plaintiffs were not entitled to the relief claimed. In each instance the cases were dismissed and the files have been closed.

Please contact me if you require additional information.

Very truly yours,

Lewis R. Olshin

LRO:jl

cc:   Michael J. Silverman, Esquire
      Barry Gross, Esquire (via e-mail and first class mail)